Filed 11/24/14

<u>CERTIFIED</u> <u>FOR</u> <u>PUBLICATION</u>

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | C069195 |
| Plaintiff and Respondent, | (Super. Ct. No. 095501) |
| v. | |
| RONALD GEORGE PHOENIX, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Yolo County, Timothy L. Fall, Judge. Reversed with directions.

Patricia J. Ulibarri, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Senior Assistant Attorney General, Catherine Chatman, Raymond L. Brosterhous II, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Ronald George Phoenix was convicted of crimes in Sacramento County and Yolo County. He was originally sentenced to prison in the Sacramento County case. The Yolo County trial court resentenced defendant on the Sacramento case and consolidated the sentences as required by Penal Code sections 669 and 1170.1, subdivision (a),[1] and California Rules of Court, rule 4.452.[2]

Defendant's sole contention is that the Yolo County trial court erred when it refused to calculate custody credits in the Sacramento case for the time he spent in custody before he was sentenced on the Yolo County case. The People contend that Sacramento County should make the calculation.

We reverse and remand the matter to the Yolo County court to recalculate defendant's credits on both the Sacramento County and Yolo County cases.

## PROCEDURAL BACKGROUND[3]

### Proceedings in the Sacramento and Yolo County Cases

The only document in the record that provides information concerning the Sacramento County case is the abstract of judgment from that case. The abstract shows that on December 10, 2008, defendant was sentenced in the Sacramento case to 32 months in prison for a conviction of grand theft with an admission of a prior strike. Defendant was awarded 12 days presentence credit (8 days actual, 4 days conduct) as of December 10, 2008. The abstract reads as if execution of sentence was stayed until February 24, 2009, but neither the abstract nor any other official document in the record reflects what occurred in the Sacramento County case on or after that date.

---

[1] Undesignated statutory references are to the Penal Code in effect at the time of the charged offenses.

[2] Further rule references are to the California Rules of Court.

[3] We dispense with a summary of the facts underlying defendant's convictions because they are unimportant to our resolution of the issue in this case.

2

On October 26, 2009, defendant was not in custody on the Sacramento County case. On that day, he was arrested after he was caught shoplifting at a store in Yolo County and then released on bail. He appeared for arraignment on November 25, 2009, but failed to appear on the next scheduled date, December 18, 2009.

From state prison, defendant demanded a speedy trial on the Yolo County case in a section 1381 demand dated January 25, 2010.

On February 5, 2010, while defendant was serving his state prison sentence on the Sacramento case, the Yolo County trial court issued an order for defendant's removal from prison to address the charges in the Yolo case. On March 15, 2010, defendant appeared in the Yolo County trial court pursuant to the removal order.

On July 19, 2011, following over a year of competency proceedings during which defendant was still serving his Sacramento case sentence, defendant pled no contest to felony theft and admitted a prior strike conviction in the Yolo County case. The court set the matter for sentencing and ordered a probation report.

**Consolidated Sentencing in Yolo County**

On August 16, 2011, the Yolo County trial court sentenced defendant in the Yolo County case and resentenced him in the Sacramento County case. Prior to sentencing, defense counsel indicated he was unsure whether defendant was entitled to conduct credit on his state prison sentence for the time he spent in state hospital regaining competency. The trial court replied, "it is not my call whether your Sacramento prison commitment has conduct credits for time spent at the hospital. That's something the Sacramento Superior Court would decide." Defendant himself told the court, "they are going to put the ball back on you guys and say 'Well, that was the Court that sent you. Take it up with them.' " The court told defendant that his Sacramento attorney will provide the Yolo judgment to the Sacramento trial court, and followed up with, "I am not the Sacramento court, and I am not facing right now what to do with prison custody time on your Sacramento sentence. I am just dealing with the Yolo County case right now…."

3

The Yolo County trial court then imposed six years for the Yolo case (upper term of three years doubled because of the strike) and a consecutive term of 16 months for the Sacramento case (one-third the middle term of two years doubled because of the strike). The total aggregate sentence was seven years four months. The court awarded defendant 187 days of presentence custody (186 days actual, 1 conduct).[4] For the Sacramento case, the Yolo County court reaffirmed the Sacramento County court's original award of 12 days for presentence custody credit, as reflected on the abstract of judgment on the Sacramento case.

### Request for Corrected Calculation of Custody Credit

On January 10, 2012, appointed appellate counsel filed a motion, pursuant to section 1237.1,[5] in the Yolo County trial court seeking calculation of defendant's custody credits in the Sacramento case, noting that the sentence on that case became the

---

[4] The probation report noted custody for five different time periods: (1) October 26, 2009, to October 26, 2009 - 1 day in the Yolo County Jail; (2) March 11, 2010, to September 16, 2010 - 190 days in the Yolo County Jail, for which the department indicated defendant was not entitled to credit "as he was a sentenced prisoner out of Sacramento County and brought on an Order to Produce"; (3) September 17, 2010, to October 4, 2010 - 18 days in Napa State Hospital; (4) October 5, 2010, to March 20, 2011 - 167 days in Atascadero State Hospital, with the note, "The defendant is not entitled to conduct credits for the time he spent in Napa/Atascadero State Hospital"; and (5) March 21, 2011, to August 16, 2011 - 149 days in the Yolo County Jail, for which the department noted defendant was not entitled to credit because he was a sentenced prisoner from Sacramento County. It appears defendant was given custody credit on the Yolo County case while he was in the state hospitals. We discuss this complication *post*.

[5] Section 1237.1 provides: "No appeal shall be taken by the defendant from a judgment of conviction on the ground of an error in the calculation of presentence custody credits, unless the defendant first presents the claim in the trial court at the time of sentencing, or if the error is not discovered until after sentencing, the defendant first makes a motion for correction of the record in the trial court."

4

subordinate term on defendant's consolidated sentence.[6]  In the written motion, appellate counsel suggested, "An amended probation report will likely be required to assist this Court in ascertaining the date Mr. Phoenix turned himself in or was arrested in the Sacramento case and began serving his original 32 month sentence."  Counsel also suggested a "prison packet" could be obtained to assist the court in determining the Sacramento case credits.[7]

During the February 14, 2012, hearing on the motion, counsel for defendant again suggested the probation department should be ordered to calculate the credits on the Sacramento County case.  In a credit analysis filed by local defense counsel in support of the motion, counsel indicated that according to a "prison worksheet," defendant arrived at the prison on January 12, 2010, and that defendant was given 13 days presentence credit as of that date, which "means that [defendant] was likely picked up on an arrest warrant for FTA'ing on the Sacto case on December 30, 2009…."[8]

The Yolo County trial court refused to reconsider the issue of the Sacramento credits, stating that "any motion to modify the Sacramento numbers must be filed in the Sacramento Superior Court.  [¶]  If there is another attempt to get this court to modify the Sacramento numbers, it will be denied without hearing and without notice.  This court, I find, does not have jurisdiction to change those numbers."  It appears that the trial court's

---

[6]  The motion appropriately noted that the California Department of Corrections and Rehabilitation (CDCR) would be responsible for determining whether defendant was entitled to any conduct credits.  (See *People v. Buckhalter* (2001) 26 Cal.4th 20, 31.)  Thus, in this appeal, defendant does not seek additional conduct credits on the Sacramento County case; he only seeks additional custody credits.

[7]  We understand counsel's reference to a prison packet to mean records provided by CDCR pursuant to section 969b.

[8]  The record does not indicate whether the trial court was presented with the "prison worksheet," and the worksheet is not part of the record on appeal.

ruling that it lacked jurisdiction is based on a letter to the court from the Yolo County Probation Department dated February 7, 2012, in which a probation officer wrote, "With respect to the Sacramento County Case, this Court has no jurisdiction to change the credits allotted in their case. Any issues concerning that case will need to be addressed by their Court."

As for the credits on the Yolo County case, the trial court made adjustments to its original award of credits. It reduced the award to 181 days.

## DISCUSSION

The central issue presented here is whether a trial court that imposes a consolidated sentence under sections 669 and 1170.1, subdivision (a), and rule 4.452, must calculate and award custody credits related to the earlier case when the sentence on the earlier case was originally imposed in another county. Neither side presented us with published opinions, statutes or rule provisions directly on point; nor are we aware of any.

Defendant contends the Yolo County trial court was required to recalculate his custody credits in the Sacramento County case once it restructured his sentence in that case and consolidated it with the Yolo County case. The Attorney General responds that "given the need for access to appropriate information and resources" the proper trial court to make this calculation "will always be the court in the county wherein a defendant was confined for that custodial period." The Attorney General admits they have "been unable to find direct authority in support of its position…." We decline to establish that authority, and conclude the Attorney General's position is wrong.

This issue is resolved by looking to a combination of statutory provisions, rules of court and the decisional law related to the consolidation of sentences in multiple cases from the same county.

6

We begin with rule 4.452, which addresses sentencing under sections 669 and 1170.1.[9] Rule 4.452 provides in pertinent part: "If a determinate sentence is imposed under section 1170.1(a) consecutive to one or more determinate sentences imposed previously in the same court or in other courts, the court in the current case must pronounce a single aggregate term, as defined in section 1170.1(a), stating the result of combining the previous and current sentences. In those situations: [¶] (1) The sentences on all determinately sentenced counts in all of the cases on which a sentence was or is being imposed must be combined as though they were all counts in the current case. [¶] (2) The judge in the current case must make a new determination of which count, in the combined cases, represents the principal term, as defined in section 1170.1(a)."

Section 2900.5, subdivision (a), provides in pertinent part: "In all felony… convictions,…when the defendant has been in custody, including, but not limited to, any time spent in a jail,…hospital [or] prison,…all days of custody of the defendant,…shall be credited upon his or her term of imprisonment…." Section 2900.5, subdivision (d), provides in pertinent part: "It shall be the duty of the court imposing the sentence to

---

[9] Section 669 provides in pertinent part: "When a person is convicted of two or more crimes, whether in the same proceeding or court or *in different* proceedings or *courts*, and whether by judgment rendered by the same judge or by different judges, the second or other subsequent judgment upon which sentence is ordered to be executed shall direct whether the terms of imprisonment or any of them to which he or she is sentenced shall run concurrently or consecutively.…" (Italics added.)

Section 1170.1, subdivision (a), provides in pertinent part: "[W]hen any person is convicted of two or more felonies, whether in the same proceeding or court or *in different* proceedings or *courts*, and whether by judgment rendered by the same or by a different court, and a consecutive term of imprisonment is imposed under *Sections 669* and *1170*, the aggregate term of imprisonment for all these convictions shall be the sum of the principal term, the subordinate term, and any additional term imposed for applicable [recidivist] enhancements…. The subordinate term for each consecutive offense shall consist of one-third of the middle term of imprisonment prescribed for each other felony conviction for which a consecutive term of imprisonment is imposed…." (Italics added.)

7

determine…the total number of days to be credited pursuant to this section. The total number of days to be credited shall be contained in the abstract of judgment provided for in Section 1213."

Section 2900.1 provides in pertinent part: "Where a defendant has served any portion of his sentence under a commitment based upon a judgment which judgment is subsequently…modified during the term of imprisonment, such time shall be credited upon any subsequent sentence he may receive upon a new commitment for the same criminal act or acts."

Rule 4.472 provides in pertinent part: "At the time of sentencing, the court must cause to be recorded on the judgment or commitment the total time in custody to be credited on the sentence under section[] 2900.5…. On referral of the defendant to the probation officer for an investigation and report under section 1203(b) or 1203(g), or on setting a date for sentencing in the absence of a referral, the court must direct the… probation officer, or other appropriate person to report to the court and notify the defendant or defense counsel and prosecuting attorney within a reasonable time before the date set for sentencing as to the number of days that defendant has been in custody and for which he or she may be entitled to credit."

Rule 4.411.5(a)(10) provides that a probation officer's presentence report must include: "Detailed information on presentence time spent by the defendant in custody, including the beginning and ending dates of the period or periods of custody; the existence of any other sentences imposed on the defendant during the period of custody; the amount of good behavior, work, or participation credit to which the defendant is entitled; and whether the sheriff or other officer holding custody, the prosecution, or the defense wishes that a hearing be held for the purposes of denying good behavior, work, or participation credit."

In *People v. Lacebal* (1991) 233 Cal.App.3d 1061, 1065-1066 (*Lacebal*), the court held that when a trial court resentences under section 1170.1, subdivision (a), and the rule

of court that is now numbered 4.452, it must calculate the credits for the earlier case. The court noted that the term of imprisonment imposed under section 1170.1, subdivision (a), is the term from which credits must be deducted. (*Id*. at p. 1065.) More recently, in *People v. Saibu* (2011) 191 Cal.App.4th 1005, 1012-1013 (*Saibu*), the court similarly held that the sentencing court is required to determine both the presentence custody credits and also the actual days the defendant served in prison custody on the earlier case when imposing consolidated sentences under rule 4.452.

Both *Lacebal* and *Saibu* involved consolidating sentences from earlier cases that were from the same county as the later cases. The instant case presents a different scenario. Here, the earlier case was from a different county, and the trial court was under the impression it had no jurisdiction to award credits from a case that came from a different county. However, given the duty of the sentencing court outlined in the statutes and rules set forth above and the holdings in *Lacebal* and *Saibu*, we conclude the Yolo County trial court had both the authority and the duty to award the custody credits to which defendant was entitled from the Sacramento case.

In pronouncing a single aggregate term and imposing the combined sentences as though they were all counts in the current case as required under sections 669 and 1170.1 and rule 4.452, the Yolo County trial court became the sentencing court for both the Yolo and Sacramento cases. The Sacramento County trial court was no longer a sentencing court, as its sentence was replaced by the consecutive sentence imposed by the Yolo County trial court. Section 2900.5, subdivision (d), requires the sentencing court to award custody credits. Thus, it was the Yolo County trial court's duty as the new sentencing court to calculate and award all of defendant's credits, including those pertaining to the Sacramento County case.

We realize that the duty to calculate and award credits may be somewhat complicated here because the record before the Yolo County trial court did not indicate

9

when defendant began his state prison sentence on the Sacramento County case.[10]  But, upon order of the sentencing court, the probation department in the sentencing court's county must notify the court and the parties "as to the number of days that defendant has been in custody and for which he or she may be entitled to credit."  (Rule 4.472.)  Indeed, that information should be in the probation officer's presentence report.  (Rule 4.411.5(a)(10).)  Thus, the Yolo County probation department is responsible for obtaining that information from Sacramento County and the Yolo County trial court need only order its probation department to do so.  (*People v. Montalvo* (1982) 128 Cal.App.3d 57, 62 [If the court does not have enough facts at the time of sentencing to determine credits, its duty is to direct the probation officer or other appropriate person to produce the information necessary from which the credit may be computed.].)

The Attorney General does not contend the Yolo County trial court lacked jurisdiction to award credits on the Sacramento case.  Instead, she argues that because the Sacramento County court has the information about its case, defendant should apply for the Sacramento County case credits there.  Aside from this process being inconsistent with our reading of the statutes, the rules of court and the decisional law, numerous practical problems will result.  For one, the Attorney General's suggestion, as we understand it, would require multiple abstracts of judgment informing CDCR of the credits awarded for the consolidated sentence.  Here, two abstracts would be required, one from the Sacramento County trial court and one from the Yolo County trial court.  In addition to the obvious inefficiencies, we see this as resulting in potential confusion for CDCR.  In any event, the sentencing court is responsible for noting the credits on the abstract of judgment.  (§ 2900.5, subd. (d); *Saibu*, *supra*, 191 Cal.App.4th at p. 1013;

---

[10]  Normally, the abstract of judgment from the prior case would supply all the information the new sentencing court needs.

*People v. Black* (2009) 176 Cal.App.4th 145, 154.) And the sentencing court is the court that imposes the consolidated sentence.

Furthermore, while the Sacramento County trial court may have information about its case, it did not have information about the Yolo County case. Where, as here, there is overlapping time served, there is a potential for awarding duplicate credits if the original court were asked to award credits on an aggregate sentence consolidated in another county. The potential for duplicate credits is exacerbated here because the Yolo County trial court apparently awarded custody credit on the Yolo County case for the time defendant was in state hospital (see fn. 4, *ante*), even though defendant was serving his state prison sentence on the Sacramento County case at the time.

The Yolo County trial court ultimately awarded defendant 181 days custody credits. While the probation department noted that defendant was a sentenced prisoner serving time on the Sacramento case and thus not entitled to custody credit on the Yolo County case for time served in the Yolo County Jail before and after his time in Napa and Atascadero State Hospitals, it appears that the department suggested to the court that defendant should be credited on his Yolo County case for the time he was in the state hospitals. The court then awarded custody credits for approximately the same number of days defendant was in the state hospitals.

Section 2900.5, subdivision (b), provides in pertinent part, "[c]redit shall be given only once for a single period of custody attributable to multiple offenses for which a consecutive sentence is imposed." As our high court long ago recognized, this language means, "a defendant is not to be given credit for time spent in custody if during the same period he is already serving a term of incarceration." (*In re Rojas* (1979) 23 Cal.3d 152, 155-156.) This is so because the defendant would have been in custody serving the earlier sentence had there been no other matters pending; thus, the proceedings in any later pending case have no effect upon the defendant's liberty. (*Id*.) It matters not that defendant here was in custody in state hospitals for competency training on the new case

11

instead of confined in the jail.[11]  Had defendant not been in custody on the Yolo County case, the days he spent in the state hospitals would have been served in state prison.  The Yolo County case had no effect on his liberty.  (See *People v. Mendez* (2007) 151 Cal.App.4th 861, 864-865 [defendant was not entitled to custody credit for pretrial confinement for competency training on a criminal case where his liberty was already restrained by an unrelated prior insanity commitment; the current charges were not the sole reason for his loss of liberty].)

On the other hand, defendant was resentenced to only 16 months on the Sacramento case.  Thus, it appears that his time may have been served on that case at some point before he was sentenced on the Yolo County case.  If that is true, he was entitled to have the remaining time for which he was in custody in connection with the Yolo County case credited to the Yolo County sentence.  This is so because after his time was served on the 16-month sentence on the Sacramento case, his custody time was thereafter "solely attributable" to the Yolo County case, and the failure to award credits for that time would result in "dead time."  (*People v. Torres* (2012) 212 Cal.App.4th 440, 442-447 [when, pursuant to section 1170.1, subdivision (a), a defendant is resentenced on a prior case to a subordinate term sentence that is less than the credits earned on that case, the trial court must allocate the "unused" credits to the sentence on the newer case]; see also *In re Marquez* (2003) 30 Cal.4th 14, 17, 22-23 [defendant who had been in custody on a prison sentence from Santa Cruz County and later, simultaneously in presentence custody on a pending case from Monterey County, was entitled to credits on the Monterey County case when the Santa Cruz County case was reversed on appeal and

---

[11]  This case is different from a case where a defendant, who has not been sentenced on a prior case, is committed to a state hospital for competency training on a pending case. Such a defendant who is found incompetent to stand trial, but recovers his competency and is convicted is entitled to custody credit against his sentence for pretrial custody while in state hospital.  (§ 1375.5; *People v. Cowsar* (1974) 40 Cal.App.3d 578, 579.)

12

dismissed, because once the Santa Cruz case was dismissed, defendant's custody time was attributable only to the Monterey County case]; *People v. Gonzalez* (2006) 138 Cal.App.4th 246, 254 [where defendant was in custody on probation violation and simultaneously in pretrial custody on new case and later given a consolidated sentence involving both cases, once the portion of the sentence related to the case on which defendant had been on probation was completed, the remainder custodial time should have been characterized as "solely attributable" to the new case and credited to that sentence; otherwise the result would be " 'dead time' " "in contravention of *Marquez*."].)

It is not hard to see the problematic nature of the Attorney's General's suggestion that the court where the original sentence was imposed is the appropriate court to award credits after a court in another county has imposed a consolidated sentence. To be sure, the instant case has additional complications, but in other cases where there may or may not be overlapping custody time (a determination that will have to be made by the trial court before awarding credits), asking the court that did not impose the final consolidated aggregate sentence to calculate the credits to which defendant is entitled would be challenging to say the least. While complicated, it is much easier and more efficient for the court that sentenced defendant to the consolidated aggregate term to determine credits and ensure a defendant receives the credits to which he is entitled, and no more.

For all of these reasons, we reject the Attorney General's solution to this problem. The court that imposes the consolidated sentence pursuant to sections 669 and 1170.1 and rule 4.452, here the Yolo County trial court, must obtain the information it needs to award defendant all the credits to which he is entitled, including those connected with the earlier case, even if the sentence in that case was imposed in another county.

**DISPOSITION**

We reverse and remand this matter back to the Yolo County Superior Court with directions to recalculate defendant's credits to include custody credits reflective of the actual time defendant served in jail and in the hospital facilities on the 16-month state prison sentence it imposed in the Sacramento case and to apply any residual time served to defendant's presentence credits on the Yolo County case. The Yolo County Superior Court is further directed to prepare an amended abstract of judgment reflecting the total credits awarded and forward a copy to the Secretary of the Department of Corrections and Rehabilitation.

                                                                             MURRAY        , J.

We concur:

      NICHOLSON    , Acting P. J.

      BUTZ         , J.