Filed 4/15/21  P. v. Tatum CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Lassen)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C091925 |
| v. | (Super. Ct. No. CH037474) |
| VICTOR TATUM, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Victor Tatum asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Based on our review of the record, we will affirm defendant's convictions but remand the matter to the trial court for recalculation of presentence credit.

I

Defendant was serving a four-year prison sentence for an assault conviction in case No. CH034001 (the assault case) when, on April 2, 2019, he possessed a weapon (a sharp instrument) while incarcerated.  The People charged defendant in case No. CH037474 with custodial possession of a weapon (Pen. Code, § 4502, subd. (a))[1] (the custodial weapon case).  It was further alleged that defendant had a prior strike

---

[1] Undesignated statutory references are to the Penal Code.

1

conviction (§ 667, subds. (b)-(i)).  Defendant pleaded guilty as charged and admitted the prior strike conviction.  The trial court sentenced defendant to two years in the custodial weapon case, to run consecutive to the prison sentence defendant was already serving in the assault case, and imposed minimum restitution and parole revocation fines.  The trial court did not award defendant presentence credit in the custodial weapon case and did not discuss credit for the assault case.  Defendant did not obtain a certificate of probable cause.

## II

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal.  (*Wende, supra,* 25 Cal.3d 436.)  Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief.  More than 30 days elapsed and we received no communication from defendant.

After reviewing the record, we will affirm defendant's convictions but remand the matter to the trial court for recalculation of presentence credit.  Rule 4.452(a) of the California Rules of Court provides:  "If a determinate sentence is imposed under section 1170.1[, subdivision] (a) consecutive to one or more determinate sentences imposed previously in the same court or in other courts, the court in the current case must pronounce a single aggregate term, as defined in section 1170.1[, subdivision] (a), stating the result of combining the previous and current sentences."[2]  In accordance with that

---

[2]  Section 1170.1, subdivision (a) provides in part:  "Except as otherwise provided by law, and subject to Section 654, when any person is convicted of two or more felonies, whether in the same proceeding or court or in different proceedings or courts, and whether by judgment rendered by the same or by a different court, and a consecutive term of imprisonment is imposed under Sections 669 and 1170, the aggregate term of imprisonment for all these convictions shall be the sum of the principal term, the subordinate term, and any additional term imposed for applicable enhancements for prior convictions, prior prison terms, and Section 12022.1."

rule, when a trial court resentences under section 1170.1, subdivision (a), it must calculate the credit for the earlier case. (*People v. Phoenix* (2014) 231 Cal.App.4th 1119, 1126; *People v. Lacebal* (1991) 233 Cal.App.3d 1061, 1065-1066; *People v. Saibu* (2011) 191 Cal.App.4th 1005, 1012-1013 [the sentencing court is required to determine both the presentence custody credit and also the actual days the defendant served in prison custody on the earlier case when imposing consolidated sentences under California Rules of Court, rule 4.452].)

Pursuant to section 2900.5, when a defendant has been in custody for a felony conviction, including any time spent in a jail or prison, he is entitled to credit on his term of imprisonment for all days of custody. (§ 2900.5, subd. (a).) In addition, section 2900.1 provides: "Where a defendant has served any portion of his sentence under a commitment based upon a judgment which judgment is subsequently . . . modified during the term of imprisonment, such time shall be credited upon any subsequent sentence he may receive upon a new commitment for the same criminal act or acts."

Here, the trial court properly determined that defendant is entitled to zero credit in the custodial weapon case. (*People v. Bruner* (1995) 9 Cal.4th 1178, 1180 [a defendant is not entitled to presentence custody credit when he is charged with a crime while already incarcerated and serving a sentence on a separate, earlier crime].) But the trial court did not address credit in the assault case on which defendant was incarcerated when resentenced. Under section 1170.1 and California Rules of Court, rule 4.452, the trial court was required to consider credit in both cases.

Accordingly, we will remand the matter to the trial court.

## DISPOSITION

Defendant's convictions are affirmed, and the matter is remanded to the trial court for recalculation of presentence credit in case Nos. CH034001 and CH037474. If the award of presentence credit is modified, the trial court shall prepare an amended abstract

of judgment and forward a certified copy of the amended abstract to the Department of Corrections and Rehabilitation.

/S/
MAURO, Acting P. J.

We concur:


/S/
DUARTE, J.


/S/
KRAUSE, J.