Filed 6/29/21  P. v. Hicks CA5

### NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> DONNIE TERRELLE HICKS, <br><br> Defendant and Appellant. | F080315 <br><br> (Super. Ct. Nos. F19903067, F18903940) <br><br><br> **OPINION** |

### THE COURT*

APPEAL from a judgment of the Superior Court of Fresno County.  Wayne R. Ellison, Judge.  (Retired Judge of the Fresno County Sup. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)

Jared G. Coleman, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Darren K. Indermill and Edrina Anderson, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*      Before Franson, Acting P.J., Meehan, J. and Snauffer, J.

Defendant Donnie Terrelle Hicks stands convicted of possession of a firearm by a felon. He contends on appeal that (1) the abstract of judgment fails to accurately reflect the trial court's oral pronouncement of judgment and (2) the trial court did not correctly award custody credits. The People agree that the abstract of judgment contains a clerical error but contend that custody credits were properly calculated. We order the abstract of judgment corrected and modify the award of custody credits. As modified, we affirm.

## PROCEDURAL SUMMARY

On May 13, 2019,[1] the Fresno County District Attorney filed a complaint in case No. F19903067 charging defendant with possession of a firearm by a felon (Pen. Code, § 29800, subd. (a)(1);[2] count 1) and carrying a loaded firearm in public (§ 25850, subd. (a); count 2), both on May 9. The complaint further alleged defendant had suffered a prior serious felony "strike" conviction within the meaning of the "Three Strikes" law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)) and had served two prior prison terms based on four prior convictions (§ 667.5, subd. (b)).

Defendant was also charged by the Fresno County District Attorney in case No. F18903940 with possession of a firearm by a felon on June 12, 2018. The charging document alleged that defendant had suffered a prior strike conviction.

On August 16, as part of a negotiated plea agreement, defendant pled no contest to possession of a firearm by a felon in case Nos. F19903067 and F18903940 and admitted having suffered a prior strike conviction in both cases. Defendant's plea was made in exchange for dismissal of all other charges and all remaining special allegations, and an indicated term of four years as follows: in case No. F19903067, 16 months (one-third of the middle term doubled due to the prior strike conviction); in case No. F18903940,

---

**1**  All further dates refer to the year 2019 unless otherwise stated.

**2**  All further statutory references are to the Penal Code.

2.

32 months (the low term of 16 months doubled due to the prior strike conviction) consecutive to the term in case No. F19903067.

On September 16, the trial court imposed the stipulated total term of four years but inadvertently switched the terms by imposing 16 months in case No. F18903940 (rather than 32 months) and 32 months in case No. F19903067 (rather than 16 months). The court stated that defendant had 785 days' custody credit (393 actual; 392 conduct) on case No. F18903940 and 261 days' custody credit (131 actual; 130 conduct) on case No. F19903067. The trial court further stated that it was "never quite clear on these matters what the time credits are" and was "going to reflect the fact that the time credits in the consecutive sentence case are 785; that's 393 actual, 392 conduct. [It was] not quite sure … which of these controls on that but [it] believe[d] it [was] probably the one with the fewer time credits." The trial court then concluded it would "leave it to probation to calculate that" and to the Department of Corrections and Rehabilitation "to figure out what [defendant's] remaining time is to [be] served."

The original abstract of judgment reflected time credits of 261 days (131 actual; 130 conduct) on case No. F19903067 and no credits on case No. F18903940.

On November 14, defendant filed a notice of appeal.

On November 15, the trial court issued an amended abstract of judgment reflecting 785 days' custody credit on case No. F18903940 and no credits on case No. F19903067. The amended abstract of judgment also switched the terms of imprisonment to match the plea agreement—32 months on case No. F18903940 and 16 months on case No. F19903067. The abstract also erroneously calculated defendant's total time of imprisonment at four years two months instead of four years.

## FACTUAL SUMMARY

### Case No. F18903940

On June 12, 2018, at about 12:24 a.m., a Fresno police officer responded to an area where seven gunshots were fired. The officer saw defendant driving away from the

3.

area and observed him throw a handgun out of the driver side window.  Defendant was arrested and the handgun, loaded with live ammunition, was recovered.  That day, he was booked into the Fresno County jail where he remained until February 28.

**Case No. F19903067**

On May 9, at about 7:43 p.m., Fresno police officers arrived at an apartment complex where defendant, two other men, and a woman stood around a vehicle.  Defendant noticed the officers, turned, and walked toward the apartments and away from the officers.  As he walked toward the apartments, defendant stopped near a vehicle, kneeled, and placed something under the vehicle.  Officers detained defendant and discovered a loaded handgun under the vehicle.  That day, he was booked into the Fresno County jail where he remained until September 16.

**DISCUSSION**

**Clerical Error**

First, defendant contends that the amended abstract of judgment must be corrected to reflect the sentence the court imposed in its oral pronouncement of sentence.  He argues the abstract must correctly reflect that the trial court imposed a term of 16 months in case No. F18903940 (rather than 32 months) and 32 months in case No. F19903067 (rather than 16 months).  That sentence—although not the agreed-upon sentence described in the plea agreement—is the sentence the trial court imposed in its oral pronouncement of sentence.  The People agree, as do we.

When a discrepancy exists between a trial court's oral pronouncement of judgment and the minute order, the oral pronouncement controls.  (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.)  We may correct a clerical error in recording the judgment at any time. (*Ibid.*; *People v. Torres* (2020) 44 Cal.App.5th 1081, 1085.)

Here, in its oral pronouncement, the trial court imposed a term of 32 months for possession of a firearm by a felon in case No. F19903067 and 16 months for possession

4.

of a firearm by a felon in case No. F18903940, for a total term of four years. The minute order must be amended to reflect that sentence.

### Custody Credits

Second, defendant contends the trial court failed to correctly award custody credits. Specifically, he contends that the trial court should have awarded him 261 days' custody credit in case No. F19903067 in addition to 785 days' custody credit in case No. F18903940, even though the custody periods overlapped.[3] He also contends the trial court erred in failing to award credits on the record rather than leaving the application of credits to the probation department. The People respond that the award of 785 days' custody credit in case No. F18903940 was correct but that the credit was misallocated between the two cases. We agree with the People.

At the sentencing hearing, the trial court explained that defendant had accrued 261 days' custody credit in F19903067 and 785 days' custody credit in F18903940. As the probation officer's report explained in more detail, defendant was in custody on case No. F18903940 on two occasions: first, 262 days, from June 12, 2018, to February 28; second, 131 days, from May 9 to September 16. On case No. F19903067, defendant was in custody for 131 days between May 9 and September 16. From May 9 to September 16, defendant accumulated 131 days' actual credit and 130 days' conduct credit, for a total of 261 days' custody credit. The probation officer's report further recommended that if the sentences were imposed consecutively, the trial court should award 785 days' custody credit. The trial court did not decide how the custody credits should be applied at the sentencing hearing, however, on November 15, it issued an

---

[3]     Defendant's opening brief suggests he is entitled to 785 days' custody credit in case No. *F19903067* and 261 days' custody credit in case No. *F18903940*. Defendant appears to have transposed the case numbers. We read defendant's brief to argue that he was entitled to an award of 785 days' custody credit in case No. *F18903940* and 261 days' custody credit in case No. *F19903067*.

5.

amended abstract of judgment reflecting 785 days' custody credit on case No. F18903940 and no custody credits on F19903067. That abstract correctly reflects the number of custody credits defendant had earned.

Section 2900.5 governs the award of presentence custody credits. Section 2900.5, subdivision (a) provides in pertinent part: "In all felony … convictions, … when the defendant has been in custody, including, but not limited to, any time spent in a jail, … all days of custody of the defendant … shall be credited upon his or her term of imprisonment .…" However, section 2900.5, subdivision (b) makes clear that "[c]redit shall be given only once for a single period of custody attributable to multiple offenses for which a consecutive sentence is imposed." While the probation officer's report reflects that defendant was in custody on both case Nos. F19903067 and F18903940 between May 9 and September 16, consecutive sentences were imposed in those cases, so he is only entitled to receive that credit once. Defendant is not entitled to 261 days' custody credit on both cases that resulted in consecutive sentences. The trial court's award of 785 days' custody credit, as reflected in the November 15 abstract of judgment, was not in error.

Despite the trial court awarding the correct total number of custody credits, the allocation of credits between the two cases was incorrect. As the People note, defendant was booked into the Fresno County jail on June 12, 2018, when he was arrested in relation to case No. F18903940 and on May 9 when he was arrested in relation to case No. F19903067. Custody credits awarded pursuant to section 2900.5 "shall be given only where the custody to be credited is attributable to proceedings related to the same conduct for which the defendant has been convicted." (§ 2900.5 subd. (b).) " 'In the case of multiple proceedings leading to terms which are consolidated …, the "attributable" limitation still applies. … [C]redits are not reallocated: they remain assigned only to the proceedings in which they were earned.' " (*People v. Lacebal* (1991) 233 Cal.App.3d 1061, 1066.) " 'A sentence that fails to award legally mandated custody credit is

6.

unauthorized and may be corrected whenever discovered.' [Citation.]" (*People v. Cardenas* (2015) 239 Cal.App.4th 220, 235; see *People v. Acosta* (1996) 48 Cal.App.4th 411, 428, fn. 8 ["The failure to award an adequate amount of credits is a jurisdictional error which may be raised at any time."].) Defendant should have been awarded 261 days' credit (131 actual; 130 conduct) in case No. F19903067 and 524 days' credit (262 actual; 262 conduct) in case No. F18903940. We will modify the judgment accordingly and direct the trial court to issue an amended abstract of judgment reflecting the modification.

## DISPOSITION

The judgment is modified to award defendant 261 days' custody credit in case No. F19903067 and 524 days' credit in case No. F18903940. The trial court is directed to prepare an amended abstract of judgment reflecting imposition of the low term of 32 months for possession of a firearm by a felon on count 1 of case No. F19903067 with credit for 524 days (262 actual; 262 conduct) and one-third of the middle term of 16 months for possession of a firearm by a felon on count 1 of case No. F18903940, to be served consecutively, with credit for 261 days (131 actual; 130 conduct), for a total of four years' imprisonment. The court shall forward a copy of the amended abstract of judgment to the appropriate entities. As so modified, the judgment is affirmed.

7.