Filed 12/18/24  P. v. Keukelaar CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C100288 |
| Plaintiff and Respondent, | (Super. Ct. No. 22CF05616) |
| v. | |
| CARLOS RUBEN KEUKELAAR, JR., | |
| Defendant and Appellant. | |

Defendant Carlos Ruben Keukelaar, Jr., appeals from a judgment after he was resentenced in Los Angeles County Superior Court, case No. NA112249-01 (case No. 49-01) in conjunction with his sentencing in Butte County Superior Court, case No. 22CF05616 (case No. 616).  Keukelaar's sole contention on appeal is that the abstract of judgment filed on December 1, 2023, failed to include his custody credits from case No. 49-01.  On appeal, Keukelaar asks this court to order the trial court to correct the abstract of judgment to include those credits.  The People concede the error and agree with the remedy sought.

1

Keukelaar's appellate counsel sought correction of this asserted error in the trial court in accordance with Penal Code section 1237.1,[1] thus allowing him to bring this issue on appeal. We consider the issue, accept the People's concession, and will direct the trial court to correct the abstract of judgment.

BACKGROUND

In 2023, Keukelaar was convicted of driving under the influence (Veh. Code, § 23152, subd. (a)) and bribing an executive officer (Pen. Code, § 67) in case No. 49-01. In June 2023, the Los Angeles County Superior Court sentenced Keukelaar to an aggregate term of four years in state prison for those convictions.

In October 2023, in Butte County Superior Court, the People charged Keukelaar in case No. 616 with assault with a deadly weapon (§ 245, subd. (a)(1)) and misdemeanor battery (§ 242). Keukelaar pleaded no contest to the amended charge of assault by means likely to result in great bodily injury (§ 245, subd. (a)(4)). As part of his negotiated plea agreement, Keukelaar stipulated to the upper term and agreed he would serve his sentences in case Nos. 49-01 and 616 consecutively.

On November 15, 2023, the Butte County Superior Court sentenced Keukelaar in case No. 616 and resentenced him in case No. 49-01. The court resentenced Keukelaar to four years in case No. 49-01 and ordered him to serve a consecutive one-year term (one-third the middle term) in case No. 616, for an aggregate term of five years. The court awarded Keukelaar a total of 512 days of custody credit in case No. 49-01 (173 actual days, 172 conduct days, 167 days served in a state institution) and one day in case No. 616.

The abstract of judgment, filed on December 1, 2023, did not include the custody credits from case No. 49-01. The December 1, 2023, abstract of judgment also identified

---

[1] Further undesignated statutory references are to the Penal Code.

2

the convictions in case No. 49-01 as count "1N" and count "3N." On May 31, 2024, appellate counsel sent a letter to the Butte County Superior Court asking the court to correct the abstract of judgment to include Keukelaar's custody credits in case No. 49-01. Counsel also asked the court to change the labels for Keukelaar's convictions in case No. 49-01 to "1A" and "3A."

In response to appellate counsel's letter, the Butte County Superior Court said it would not make the requested changes. The court did, however, have an amended abstract of judgment filed on June 5, 2024, which the court forwarded to counsel. Appellate counsel subsequently moved this court to augment the record on appeal to include the June 5, 2024, amended abstract of judgment; this court granted that motion.

The June 5, 2024, amended abstract of judgment is identified as the "2nd amended abstract." In the second amended abstract, Keukelaar's convictions in case No. 49-01 continue to be identified in box No. 1 as count "1N" and count "3N" and the custody credits from case No. 49-01 are still missing from box No. 16. Appellate counsel thus filed an opening brief asking this court to direct the trial court to correct the second amended abstract to include Keukelaar's custody credits from case No. 49-01.

## DISCUSSION

It is undisputed that Keukelaar served a portion of his sentence in case No. 49-01 before he was properly sentenced by Butte County Superior Court to a single aggregate term embracing both case Nos. 49-01 and 616. (See *People v. Phoenix* (2014) 231 Cal.App.4th 1119, 1126.) It also is undisputed that Butte County Superior Court, as the sentencing court, properly calculated Keukelaar's custody credits in both case Nos. 49-01 and 616 and acknowledged those custody credits on the record. The custody credits from case No. 49-01, however, were not included in the original abstract of judgment and are not included in the second amended abstract of judgment. Keukelaar argues this is an error that must be corrected; the People concede the error and agree it must be corrected. We agree with both parties and accept the People's concession.

3

We will direct Butte County Superior Court to correct the second amended abstract of judgment to include 512 days of custody credit in case No. 49-01: 173 actual days, 172 conduct days, 167 days served in a state institution (presumably the Department of Corrections and Rehabilitation).

DISPOSITION

The judgment is affirmed. The trial court is directed to correct the second amended abstract of judgment to include the 512 days of custody credit from case No. 49-01, as explained above, and forward a certified copy of the corrected abstract of judgment to the Department of Corrections and Rehabilitation.


                                                  _____/s/_____

                                                  EARL, P. J.


We concur:


_____/s/_____
MESIWALA, J.


_____/s/_____
WISEMAN, J.*

---

\*     Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.