Filed 3/21/25  P. v. Hendrix CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | C100116 |
| Plaintiff and Respondent, | (Super. Ct. Nos. CR20153634 & CR20161094) |
| v. | |
| STEVEN HENDRIX, | |
| Defendant and Appellant. | |

The trial court resentenced defendant Steven Hendrix pursuant to Penal Code section 1172.75,[1] reducing his prison sentence by five years.  On appeal, defendant contends the trial court erred by imposing an upper term sentence for his gross vehicular manslaughter conviction.  The People contend the trial court complied with section 1172.75 in imposing the upper term sentence.  We do not resolve this dispute because defendant failed to object to the upper term sentence and has therefore forfeited the issue.

---

[1]  Undesignated statutory references are to the Penal Code.

1

We agree with the parties that we must nevertheless remand the case for the trial court to update the credit defendant has earned for time served in custody and to include his updated credit totals on the abstract of judgment.

FACTUAL AND PROCEDURAL BACKGROUND

In 2016, in Yolo County case No. CR2015-3634, a jury found defendant guilty of two counts of inflicting corporal injury resulting in a traumatic condition upon his fiancée. The court then found true allegations that defendant had been convicted of the same offense within the prior seven years; had been convicted of a serious felony, as defined in section 667, subdivision (c); and had served a prior prison term.

In 2017, in Yolo County case No. CR2016-1094, a jury found defendant guilty of gross vehicular manslaughter while intoxicated, causing bodily injury while driving under the influence of drugs, and four counts of endangering the health of a child in his care. The jury also found true allegations that defendant proximately caused injury to seven victims while driving under the influence of drugs. In a bifurcated trial, the jury also found true allegations that defendant had been convicted of a serious felony, as defined in section 667, subdivisions (a) and (c); had served a prior prison term; and was out of custody on bail when he committed the offenses.

The trial court sentenced defendant to 42 years four months in prison for both cases, including a one-year enhancement for having served a prior prison term, pursuant to former section 667.5, subdivision (b). (See Stats. 2018, ch. 423, § 65.) The court struck the remaining prior prison term enhancement allegation.

In 2022, after the Legislature repealed most prior prison term enhancements and created a process for resentencing prisoners whose sentences included repealed enhancements (Stats. 2019, ch. 590, § 1; Stats. 2021, ch. 728, § 3), the trial court set a resentencing hearing pursuant to what is now section 1172.75 (see Stats. 2022, ch. 58, § 12 [renumbering section 1171.1 without substantive change]).

Prior to that hearing, defendant filed a brief asking the trial court to impose a 31-year prison sentence by making four discretionary sentencing decisions that the prior sentencing court had rejected: (1) dismissing the repealed prior prison term enhancement; (2) dismissing a two-year on-bail enhancement; (3) dismissing a two-year enhancement for multiple victims injured while driving under the influence; and (4) imposing a concurrent sentence for case No. CR2015-3634, which would require dismissing the prior serious felony conviction allegation in that case.

In response, the People argued that the trial court should not dismiss any enhancements other than the repealed prior prison term enhancement because doing so would endanger public safety and would not be in the interest of justice. The People also argued that dismissing the prior serious felony conviction allegation in case No. CR2015-3634 would not be in furtherance of justice and that the court should impose a consecutive sentence in that case because the offenses were independent crimes.

In a supplemental brief, defendant conceded that the upper term sentence for gross vehicular manslaughter was appropriate: "It is important to note that [defendant] is *not* moving the court to reduce his sentence as it relates to his gross vehicular manslaughter while intoxicated conviction." At the resentencing hearing, defendant's counsel reiterated to make it "very clear" that defendant was "not asking for relief for anything that happened with [the manslaughter victim]."

For case No. CR2016-1094, the trial court imposed the upper term sentence of 10 years for gross vehicular manslaughter while intoxicated, doubled due to the prior serious felony conviction. The court also imposed a consecutive term of eight months for causing bodily injury while driving under the influence of drugs, doubled to 16 months, and 16 months for each of the four counts of endangering the health of a child in his care, with each doubled to 32 months. The court dismissed the repealed one-year prior prison term enhancement and the enhancement for injuring multiple victims driving while intoxicated. The court also dismissed the two-year enhancement alleging defendant

3

committed the offenses while released on bail. The court explained that it dismissed these two additional enhancements in the interest of justice, even though defendant had failed to establish a nexus between his childhood trauma and the crimes he committed.

For case No. CR2015-3634, the trial court declined to dismiss the prior serious felony conviction or to impose a concurrent sentence. Instead, the court imposed a consecutive term of 16 months for each count of inflicting corporal injury resulting in a traumatic condition upon his fiancée, with each sentence doubled due to the prior serious felony conviction. In total, the court sentenced defendant to 37 years four months in prison. The court told defendant that his custody credits would "be determined by the California Department of Corrections [and Rehabilitation]."

Defendant did not object to the trial court's imposition of the upper term sentence for gross vehicular manslaughter. Defendant filed a timely notice of appeal from the judgment.

DISCUSSION

Defendant contends the trial court erred at the resentencing hearing by imposing an upper term sentence for gross vehicular manslaughter without having a jury find the facts underlying the applicable aggravating circumstances. The People contend the trial court complied with section 1172.75 in imposing the upper term sentence. We do not resolve this dispute because defendant failed to object to the upper term sentence and has therefore forfeited the issue. We agree with the parties that we must nevertheless remand the case for the trial court to update the credit defendant has earned for time served in custody and to include his updated credit totals on the abstract of judgment.

I

*Forfeiture*

Under the current version of section 1170, subdivision (b), which defendant contends should have applied at his resentencing hearing, the trial court may impose an upper term sentence if justified by aggravating circumstances that were either admitted

4

by the defendant, found true beyond a reasonable doubt by the trier of fact, or involve consideration of prior convictions found true based on certified records.  (§ 1170, subd. (b)(2)-(3).)  A defendant must object to a court's failure to follow the procedures in section 1170, subdivision (b) to preserve the issue for appeal.  (*People v. Achane* (2023) 92 Cal.App.5th 1037, 1043-1044; see also *People v. Scott* (1994) 9 Cal.4th 331, 354 ["claims deemed waived on appeal involve sentences which, though otherwise permitted by law, were imposed in a procedurally or factually flawed manner"].)

Here, defendant did not object to the trial court finding facts underlying aggravating circumstances and determining that those aggravating circumstances justified an upper term.  To the contrary, defendant repeatedly assured the trial court that he was not challenging the upper term sentence for gross vehicular manslaughter.  Accordingly, defendant may not raise the issue on appeal.

## II

### *Custody Credits*

Pursuant to section 2900.1, "[w]here a defendant has served any portion of his sentence under a commitment based upon a judgment which judgment is subsequently declared invalid or which is modified during the term of imprisonment, such time shall be credited upon any subsequent sentence he may receive upon a new commitment for the same criminal act or acts."  (*People v. Buckhalter* (2001) 26 Cal.4th 20, 32.)  As such, the sentencing court must credit the defendant "with all *actual* days he had spent in custody, whether in jail or prison, up to that time."  (*Id.* at p. 37; §§ 2900.1, 2900.5)  The updated total of credits must then be added to the abstract of judgment.  (*People v. Phoenix* (2014) 231 Cal.App.4th 1119, 1125, 1130; § 2900.5.)  The trial court must also include on the abstract presentence credit earned prior to the execution of the prison sentence. (*Buckhalter*, at p. 33; § 2900.5.)

The trial court need not calculate or determine the conduct credits earned by a defendant after the execution of the prison sentence.  (See §§ 2930-2935.)  The

5

Department of Corrections and Rehabilitation is responsible for awarding such conduct credits, so those credits need not be added to the updated abstract. (*In re Martinez* (2003) 30 Cal.4th 29, 37; Cal. Const., art. I, § 32, subd. (a)(2).)

Here, the trial court declared that all custody and conduct credits should be determined by the Department of Corrections and Rehabilitation and left blank the "Credit for Time Served" section of the abstract of judgment. We agree with the parties that this was error. We will remand the case with instructions to calculate the total time defendant has served in custody and include that in an amended abstract of judgment, along with presentence credit defendant earned prior to the initial execution of his prison sentence.

### DISPOSITION

The matter is remanded with instructions to the trial court to prepare an amended abstract of judgment showing defendant's updated credit for time served, as discussed above, and to forward a certified copy to the Department of Corrections and Rehabilitation. The judgment is otherwise affirmed.

/s/
MESIWALA, J.

We concur:

/s/
EARL, P. J.

/s/
FEINBERG, J.

6