Filed 4/11/25  P. v. Shultz CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JOHN DEAN SHULTZ,<br><br>Defendant and Appellant. | C101281<br><br>(Super. Ct. No. 62-192087) |

Defendant John Dean Shultz appeals from his second degree robbery conviction in Placer County case No. 62-192087 (the Placer case).  When the trial court sentenced defendant in that case, it also resentenced him in Sacramento County case No. 22FE019562 (the Sacramento case).

On appeal, he contends the trial court erroneously failed to recalculate custody credits when it resentenced him in the Sacramento case, and the People correctly concede the issue.  Defendant also contends the trial court erred in advising him that, upon his

1

release from prison, he would be required to serve no more than three years on parole. The People respond that the trial court's statement was merely an advisement and no modification is necessary. We will remand the matter for the trial court to modify the custody credits and otherwise affirm.

## FACTS AND HISTORY OF THE PROCEEDINGS

### The Sacramento Case

In the Sacramento case, defendant was convicted in April 2023 of five counts of second degree robbery (Pen. Code, § 211; statutory section citations that follow are to the Penal Code) and one count of being a felon in possession of a firearm (§ 29800, subd. (a)). He was sentenced to six years in prison.

### The Placer Case

In the Placer case, in August 2022 defendant robbed a local bank after handing the teller a note demanding money and saying he was armed.

Defendant was charged with second degree robbery with five aggravating circumstances. (§ 211; Cal. Rules of Court, rules 4.421(a)(1), 4.421(a)(8), 4.421(a)(9), 4.421(b)(1), 4.421(b)(2); further rule references are to the California Rules of Court.)

In February 2024, defendant pled no contest to second degree robbery and admitted two aggravating circumstances.

At sentencing in April 2024, the trial court sentenced defendant to prison for an aggregate term of 10 years, as follows: (1) in the Placer case, five years (the upper term) and (2) in the Sacramento case, one year (one-third the middle term) consecutive for each of the five second degree robbery counts and one year four months (the low term) concurrent for the firearm possession count. The trial court advised that, once released from custody, defendant would need to complete a parole period that "shall not exceed three years unless parole is suspended and you're returned to custody for a violation of parole. In that event, the period under parole supervision or in custody shall not exceed

2

four years from the date of initial parole." As to custody credits, the court stated "defendant will be given credits that were awarded in Sacramento County. So I'll confirm the Sacramento County credits. He has no additional credits because he was a sentenced prisoner when he was brought here. And so the California Department of Corrections will recalculate the credits upon your arrival there." The abstract of judgment does not list any custody credit.

Defendant did not seek a certificate of probable cause on appeal.

DISCUSSION

I

*Custody Credits*

Defendant argues the trial court erred in failing to update his custody credits to include those credits from the Sacramento case, and the People correctly concede the issue. As courts have explained, when a trial court "pronounc[es] a single aggregate term and impos[es] the combined sentences [from the current case and an earlier case from a different county] as though they were all counts in the current case as required under sections 669 and 1170.1 and rule 4.452, [that trial court] bec[omes] the sentencing court for" the cases from both counties. (*People v. Phoenix* (2014) 231 Cal.App.4th 1119, 1126.) Since section 2900.5, subdivision (d) requires a sentencing court to award custody credits, the trial court has a duty to "calculate and award all of defendant's credits, including those pertaining to" the earlier case from the other county. (*Phoenix*, at p. 1126.) We will remand the matter for the trial court to correct the custody credits.

II

*Parole Period*

Pointing to the trial court's statement that defendant would be required to complete a period on parole that "shall not exceed three years" initially and "shall not

3

exceed four years" in the event of a return to custody, defendant asks us to modify the judgment to reduce the period of parole supervision from three years to two years because section 3000.01 now generally limits the period of parole for an inmate serving a determinate term to two years. (§ 3000.01, subd. (b)(1).)

As this court has previously explained, "the length of the parole term [is] merely an advisement," and it is unnecessary to modify the judgment if a trial court advises a defendant that he may be subject to a period of parole longer than that specified in section 3000.01. (*People v. Tilley* (2023) 92 Cal.App.5th 772, 780.)

## DISPOSITION

We reverse the custody credit award and remand the matter for the trial court to recalculate defendant's credits to include custody credits reflective of the time defendant spent in custody on the sentence it imposed in the Sacramento case. The trial court is directed to prepare an amended abstract of judgment in accordance with this opinion and to forward a certified copy to the Department of Corrections and Rehabilitation. The judgment is otherwise affirmed.

 

_____

HULL, Acting P. J.

We concur:

_____

MESIWALA, J.

_____

FEINBERG, J.

4