Filed 10/7/24  P. v. Martinez CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>BERNARDO MARTINEZ,<br><br>  Defendant and Appellant. | F086794<br><br>(Super. Ct. No. DF008057B)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Kern County.  Elizabet Rodriguez, Judge.

Matthew J. Smith, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez, Kari Mueller, and Joseph Penney, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

Defendant Bernardo Martinez was convicted and sentenced in three separate cases, the most recent of which occurred in Imperial County.  In the present case, out of Kern County, the sentence included a prior prison term enhancement.  Pursuant to Penal

Code section 1172.75,[1] the trial court in this case held a resentencing hearing for Martinez on August 25, 2023. The trial court resentenced Martinez in the present case only.

We reviewed the record, and it appeared the Kern County Superior Court did not have jurisdiction to resentence Martinez. Instead, it appeared that the Imperial County Superior Court should have been the court to resentence Martinez. Accordingly, we directed the parties "to submit supplemental briefing to address whether the trial court in this case had jurisdiction to resentence Martinez or whether the Imperial County Superior Court should have resentenced him."

The parties filed their supplemental briefs. The People agree that the matter should be heard by the Imperial County Superior Court. Martinez agrees that if the Imperial County Superior Court imposed an aggregate term, it would have been the proper court to resentence him. However, he argues that the Kern County Superior Court retained jurisdiction because the Imperial County Superior Court erroneously failed to impose a single aggregate term for the in-prison offenses.

While Martinez argues that the Imperial County Superior Court erred, we were not provided with the judgment or the sentencing hearing transcript from the Imperial County case. This is so even though the judgment was at issue below. Thus, we cannot determine whether the Imperial County Superior Court erred. Accordingly, we will vacate the sentence imposed on August 25, 2023, and remand the matter to the Kern County Superior Court to determine, in the first instance, whether it has jurisdiction to resentence Martinez.[2]

---

[1] All further undesignated statutory references are to the Penal Code.

[2] As it is unclear whether the Kern County Superior Court has jurisdiction to resentence Martinez, we do not address Martinez's argument that the trial court was required to conduct a full resentencing in all three cases. However, as laid out in this opinion, Martinez should have been sentenced to one aggregate term based on the two offenses he committed while in prison.

2.

## BACKGROUND AND PROCEDURAL HISTORY[3]

In 2005, Martinez was sentenced to an aggregate term of 44 years, four months, based on multiple felony convictions in Los Angeles Superior Court case No. BA269182 ("2005 Case"). On appeal, the sentence was modified to 39 years, four months. (*People v. Martinez* (Feb. 21, 2006, B185352) [nonpub. opn.].)

While serving the sentence in the 2005 Case, Martinez was charged and pled no contest to possessing methamphetamine while in prison (§ 4573.6) in the present case. In 2008, Martinez was sentenced to a consecutive term of eight years on the charge of possessing methamphetamine while in prison, plus an additional two years based on two prior prison term enhancements pursuant to section 667.5, former subdivision (b) ("2008 Case").

While still in prison, Martinez was charged and convicted in Imperial County Superior Court case No. JCF27554 of assault with a deadly weapon by a prisoner (§ 4501). In 2011, Martinez was sentenced to a consecutive prison term of four years ("2011 Case").[4]

On April 7, 2023, Martinez filed a pro per motion for resentencing pursuant to section 1172.75. Counsel was appointed for defendant, and on July 28, 2023, counsel filed a motion for resentencing and a resentencing memorandum.

In the motion, Martinez argued that, pursuant to section 1172.75, his prior prison term enhancements were legally invalid. Martinez also argued that because his three separate cases all contributed to one aggregate term, the trial court should resentence him not just in this case, but in the 2005 Case and 2011 Case as well. Martinez argued that, in

---

[3] Because the facts underlying the convictions are not relevant to the sentencing issues before us, we omit a summary of those facts.

[4] We were not provided the record from the 2005 Case or the 2011 Case. However, the parties do not dispute the length of the sentences or that they were imposed consecutively.

3.

the 2005 Case, the prior strike conviction allegation (§§ 667, subds. (c)–(j), 1170.12, subds. (a)–(e)) and the firearm enhancements (§ 12022.53, subd. (b)) should be dismissed. As to the sentence in this case, Martinez argued that the two prior prison term enhancements should be dismissed, that the prior strike allegations should be dismissed, and that no more than the middle term should be imposed on his conviction for possessing methamphetamine while in prison. Finally, Martinez argued that, in the 2011 Case, the strike prior allegations should be dismissed and that one-third the middle term should be imposed on the assault with a deadly weapon by a prisoner conviction.

The trial court held the resentencing hearing on August 25, 2023. The trial court resentenced Martinez in this case only. The trial court denied Martinez's request to dismiss the strike prior allegation. However, it dismissed the prior prison term enhancements and imposed the middle term of six years (three years, doubled due to the strike prior allegation), to be served fully consecutive to the sentence in the 2005 Case.

On that same day, Martinez timely filed a notice of appeal.

## DISCUSSION

I. *Applicable law*

Under section 1172.75, "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code is legally invalid." (§ 1172.75, subd. (a).) This section required the Secretary of the Department of Corrections and Rehabilitation to "identify those persons in their custody currently serving a term for a judgment that includes an enhancement described in subdivision (a) and [to] provide the name of each person, along with the person's date of birth and the relevant case number or docket number, to the sentencing court that imposed the enhancement." (§ 1172.75, subd. (b).) Once the sentencing court has confirmed that a defendant's current judgment includes a prior prison term enhancement that is now

4.

legally invalid, it "shall recall the sentence and resentence the defendant." (§ 1172.75, subd. (c).)

"The proper interpretation of a statute is a question of law we review de novo. [Citations.] ' " ' "As in any case involving statutory interpretation, our fundamental task here is to determine the Legislature's intent so as to effectuate the law's purpose. [Citation.] We begin by examining the statute's words, giving them a plain and commonsense meaning." ' " ' [Citation.] ' "[W]e look to 'the entire substance of the statute … in order to determine the scope and purpose of the provision …. [Citation.]' [Citation.] That is, we construe the words in question ' "in context, keeping in mind the nature and obvious purpose of the statute ...." ' " ' " (*People v. Lewis* (2021) 11 Cal.5th 952, 961.) Where the language supports more than one reasonable construction, we may look to extrinsic aids, including the legislative history, for additional guidance. (*People v. Ruiz* (2018) 4 Cal.5th 1100, 1105–1106.)

## II. *Analysis*

The issue before us is whether the Kern County Superior Court had jurisdiction to resentence Martinez.[5] "In general, ' "once a judgment is rendered and execution of the

---

[5] We note that in their brief, the People argue that the Kern County Superior Court lacked jurisdiction for a different reason. That is, the People argue that because Martinez did not follow the procedure required by section 1172.75, the Kern County Superior Court did not have jurisdiction to resentence him. However, after the People filed their brief, the record was supplemented with a list identifying inmates eligible for resentencing. The list is dated June 16, 2022, and Martinez's name is included.

Even assuming that a sentencing court lacks jurisdiction to resentence an inmate when an inmate attempts to initiate resentencing pursuant to section 1172.75, that is not what occurred here. Instead, the motion was filed after Martinez was identified as eligible for resentencing by the California Department of Corrections and Rehabilitation. As our court has held, "[o]nce the [sentencing] court received that identification information from the Department of Corrections and Rehabilitation, it had authority over the matter and was statutorily authorized to act." (*People v. Cota* (2023) 97 Cal.App.5th 318, 332–333 (*Cota*).) And though section 1172.75 "does not authorize a defendant to seek resentencing on his or her own motion or petition," the filing of such a procedurally unauthorized motion does not deprive "the [sentencing] court of the jurisdiction afforded

5.

sentence has begun, the trial court does not have jurisdiction to vacate or modify the sentence." ' " (*Cota, supra,* 97 Cal.App.5th at p. 329.) One exception to this general rule, which the Kern County Superior Court relied upon, is section 1172.75. Pursuant to this section, "the sentencing court that imposed the enhancement" has jurisdiction to resentence a defendant. (§ 1172.75, subds. (c), (d).) Initially, we must determine whether the Kern County Superior Court or the Imperial County Superior Court is the "sentencing court."[6]

To answer this question, we must determine whether Martinez is serving one aggregate term for the in-prison offenses. In both the 2008 Case and the 2011 Case, Martinez committed a felony while in prison, and he was sentenced to consecutive terms. Accordingly, section 1170.1, subdivision (c), applies.

---

to it by statute to resentence a defendant as mandated by section 1172.75." (*Cota*, at pp. 332, 333.)

Accordingly, we reject the People's argument that the Kern County Superior Court lacked jurisdiction because Martinez did not follow the procedure mandated by section 1172.75.

[6] The Los Angeles County Superior Court is not the "sentencing court." It did not impose the prior prison term enhancements. Additionally, the sentence it imposed is separate from the sentence on the in-prison offenses. "Section 1170.1[, subdivision] (c) applies to felonies committed when the defendant is confined in a state prison. The statutory scheme makes clear that such felonies, i.e., those felonies committed in prison, are exempt from the general sentencing scheme. [Citation.] A sentence under subdivision (c) is longer than a sentence imposed under subdivision (a) because the in-prison offenses are fully consecutive to the sentence for the offense for which the defendant was in prison. Using sentencing jargon 'the in-prison offense is treated as a new principal term rather than as a subordinate term to the out-of-prison offense.' " (*People v. White* (1988) 202 Cal.App.3d 862, 869–870 (*White*); see also *People v. Langston* (2004) 33 Cal.4th 1237, 1246 ["Defendant relies on section 1170.1, subdivision (a), requiring imposition of an aggregate term of imprisonment for all consecutive felony convictions, whether in the same proceeding or later, '[e]xcept as otherwise provided by law.' But … this subdivision is inapplicable to in-prison offenses, which are governed by section 1170.1, subdivision (c), requiring the term of imprisonment for such offenses to 'commence from the time the person would otherwise have been released from prison,' i.e., after completion of the original term"].)

This section states:  "In the case of any person convicted of one or more felonies committed while the person is confined in the state prison or is subject to reimprisonment for escape from custody and the law either requires the terms to be served consecutively or the court imposes consecutive terms, the term of imprisonment for all the convictions that the person is required to serve consecutively shall commence from the time the person would otherwise have been released from prison.  If the new offenses are consecutive with each other, the principal and subordinate terms shall be calculated as provided in subdivision (a).  This subdivision shall be applicable in cases of convictions of more than one offense in the same or different proceedings."  (§ 1170.1, subd. (c).)

Courts have held, and we agree, that when an individual commits multiple crimes in prison while serving a sentence for a crime that occurred outside of prison, this section requires imposition of a single aggregate term for the in-prison offenses.  (*People v. Venegas* (1994) 25 Cal.App.4th 1731, 1743; *White, supra,* 202 Cal.App.3d at p. 870.) This aggregate term is calculated "as provided in [section 1170.1,] subdivision (a)." (§ 1170.1, subd. (c); *White*, *supra*, 202 Cal.App.3d at p. 870.)  As relevant here, California Rules of Court, rule 4.452(a) provides:  "If a determinate sentence is imposed under section 1170.1[, subdivision] (a) consecutive to one or more determinate sentences imposed previously in the same court or in other courts, the court in the current case must pronounce a single aggregate term, as defined in section 1170.1[, subdivision] (a), stating the result of combining the previous and current sentences.  In those situations:  [¶] (1) The sentences on all determinately sentenced counts in all of the cases on which a sentence was or is being imposed must be combined as though they were all counts in the current case."  Accordingly, Martinez is (or should be) serving one aggregate term based on the in-prison offenses.

Given this, we next turn to whether the "sentencing court" is the court that originally imposed the sentence (the Kern County Superior Court) or the court that most recently imposed the aggregate term (the Imperial County Superior Court).  While in the

7.

context of calculating custody credits, the court in *People v. Phoenix* (2014) 231 Cal.App.4th 1119 ("*Phoenix*"), addressed this question.  In *Phoenix*, the defendant was sentenced to a 32-month prison term by the Sacramento County Superior Court.  (*Id.* at p. 1121.)  Prior to the expiration of this term, the defendant pled no contest to felony theft in the Yolo County Superior Court.  (*Id.* at p. 1122.)  The Yolo County Superior Court imposed an aggregate term, but "refused to reconsider the issue of the Sacramento credits, stating that 'any motion to modify the Sacramento numbers must be filed in the Sacramento Superior Court.' " (*Id.* at p. 1123.)  The appellate court disagreed, holding that "[i]n pronouncing a single aggregate term and imposing the combined sentences as though they were all counts in the current case as required under sections 669 and 1170.1 and [California Rules of Court,] rule 4.452, the Yolo County trial court became the sentencing court for both the Yolo and Sacramento cases.  The Sacramento County trial court was no longer a sentencing court, as its sentence was replaced by the consecutive sentence imposed by the Yolo County trial court." (*Id.* at p. 1126.)

We agree with *Phoenix*, which also involved interpretation of section 1170.1 and California Rules of Court, rule 4.452, and hold that when a trial court imposes a single aggregate term based on two separate cases, the sentence in the first case is replaced and the trial court in the second case becomes the "sentencing court" in both cases.

Both Martinez and the People appear to agree with this analysis.  However, Martinez argues that the Imperial County Superior Court failed to impose an aggregate term, so the Kern County Superior Court remained the sentencing court.  According to Martinez, the record "does not show that when it sentenced [Martinez] in 2011, the Imperial County Superior Court imposed a single aggregate term for the offenses and enhancements in the Kern County and Imperial County cases."  Additionally, "when the California Department of Corrections and Rehabilitation (hereafter, the Department) sent out the notification required by subdivision (b) of section 1172.75 that [Martinez] was serving a term for a judgment that included a now legally invalid enhancement imposed

8.

under former section 667.5, subdivision (b), the Department sent that notification to *the Kern County Superior Court*, not the Imperial County Superior Court." Finally, after receiving notice from the Department, "the Kern County Superior Court determined that [Martinez's] judgment included a now invalid enhancement imposed under former section 667.5, subdivision (b), recalled [Martinez's] sentence [citation], and resentenced defendant."

In arguing that the Imperial County Superior Court did not impose an aggregate term as required, Martinez relies on inferences, as well as an incomplete printout from the Department that was filed by Martinez himself. Even though Martinez asked for resentencing in the 2011 Case below and on appeal, we were not provided the judgment or the sentencing hearing transcript from the 2011 Case. We will not speculate as to the contents. Instead, we will remand the matter to the Kern County Superior Court to determine, in the first instance, whether it has jurisdiction to resentence Martinez because the Imperial County Superior Court failed to impose an aggregate term.

## DISPOSITION

The sentence imposed on August 25, 2023, is vacated. The matter is remanded to the Kern County Superior Court to determine whether it has jurisdiction to resentence Martinez. That inquiry requires the court to determine whether the Imperial County Superior Court imposed an aggregate term based on the in-prison offenses. If the Imperial County Superior Court imposed an aggregate term, it is the "sentencing court" and the Kern County Superior Court does not have jurisdiction over the matter. If the Imperial County Superior Court did not impose an aggregate term, the court shall determine in the first instance the effect this has on its jurisdiction.

9.

If the Kern County Superior Court concludes that it has jurisdiction, it shall conduct a new resentencing hearing pursuant to section 1172.75.  If it concludes it does not have jurisdiction, it shall notify the California Department of Corrections and Rehabilitation that it is not the "sentencing court" as defined in section 1172.75.


                                                           SNAUFFER, J.

WE CONCUR:


PEÑA, Acting P. J.


SMITH, J.

10.