Filed 1/27/25  P. v. Draughn CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

|  |  |
|---|---|
| THE PEOPLE, | C100631 |
| Plaintiff and Respondent, | (Super. Ct. No. 23CR000733) |
| v. |  |
| DAVID BRENDON DRAUGHN, |  |
| Defendant and Appellant. |  |

Defendant David Brendon Draughn appeals after the trial court resentenced him to correct an unauthorized sentence.  Defendant contends the trial court failed to: (1) impose a single aggregate sentence for both of his criminal cases at the resentencing hearing; and (2) properly award credit for time he had already served in custody.  The People respond that the trial court:  (1) properly imposed a single aggregate sentence, as evidenced by the abstract of judgment; and (2) subsequently corrected its error awarding credit for time served.  We agree with the People that the trial court was in effect reinstating the previously imposed sentence that had been orally pronounced on the

1

record.  But we conclude the trial court did not properly award credit for time defendant served in custody since the initial execution of his sentence.  So we remand to prepare an amended abstract of judgment and otherwise affirm the judgment.

Undesignated section references are to the Penal Code, and rule references are to the California Rules of Court.

FACTUAL AND PROCEDURAL BACKGROUND

Defendant was serving a seven year four month sentence in the Department of Corrections and Rehabilitation (CDCR) imposed in Kern County case No. BFI83810A when he grabbed a custodial officer and tried to take an object from the officer. Defendant then pled no contest in Tehama County case No. 23CR000733, pursuant to a negotiated plea agreement, to battery against a custodial officer engaged in the performance of his duties and admitted he had previously been convicted of a serious felony.  The plea agreement called for the trial court to sentence defendant to 16 months (one year four months) in prison (calculated as follows: eight months, which was one-third the middle term sentence, doubled due to the prior serious felony conviction) to be served consecutively to his sentence in the Kern County case.

At the sentencing hearing, the trial court, in accordance with the plea agreement, reimposed the seven year four month sentence for the prior case and sentenced defendant to a consecutive term of one year four months in prison for battery, for an aggregate sentence of eight years eight months in prison.  CDCR then sent a letter to the trial court informing it that section 1170.1, subdivision (c) did not permit the court to impose one-third of the middle term sentence but rather required imposition of the full term. Accordingly, the court held a resentencing hearing.

At the resentencing hearing, the parties agreed that the plea agreement could be modified to permit the trial court to strike the prior serious felony conviction and impose the low term sentence of 16 months in prison, which would match the previously agreed upon sentence and would comport with the law.  Defendant initially objected to the

2

modification, but the court informed him the original sentence was illegal. The court then struck the prior serious felony conviction and imposed the 16-month sentence in accordance with the modified plea agreement.

With respect to credit for time served and conduct credits earned by defendant, the trial court stated, "Your credits will be as determined by the Department of Corrections." The court then issued an amended abstract of judgment, dated March 7, 2024, listing defendant's new sentence, including the 16 months for the new battery and the seven year four month sentence for the Kern County case. The court left blank the "Credit for Time Served" section of this new abstract of judgment.

Defendant appealed from the new judgment. While this appeal was pending, the Tehama County Probation Department sent a letter informing the trial court that the court had failed to properly calculate and award credit for time defendant had served in custody. Specifically, the probation department calculated that defendant had earned: (1) 440 days of presentence credit for the Kern County case, 220 days of actual credit from January 10, 2021, through August 17, 2021, plus 220 days of conduct credit; and (2) 917 days of actual credit for time served in CDCR on the Kern County case from August 18, 2021, through February 20, 2024, the date of the resentencing hearing. The probation department also calculated the credit defendant would have earned for the Tehama County case but noted that defendant was not entitled to double count the credits "as he committed the offense while in custody on his Kern County [c]ase."

The trial court then issue another amended abstract of judgment, dated September 3, 2024, that included only presentence credits, 42 days of actual credit and 42 days of conduct credit, for the Tehama County case in the "Credit for Time Served" section. In the "Other orders" section, the court listed the 440 days of presentence credit and 917 days of actual credit for time served in CDCR for the Kern County case, but also double counted the time from July 12, 2023, through February 20, 2024, as 183 days served for the Tehama County case.

3

## DISCUSSION

### I

*Imposing a Single Aggregate Term*

Defendant first contends the trial court failed to impose a single aggregate term for both cases as required by rule 4.452.  We disagree.

At a sentencing hearing, the court must orally pronounce the sentence.  (*People v. Karaman* (1992) 4 Cal.4th 335, 344, fn. 9; see §§ 1191, 1202; rule 4.433(c)(5).)  Here, because the court was referring to a negotiated plea agreement, it did not expressly pronounce all the terms of the agreement, including that the sentence for the Tehama County case would run consecutive to the sentence for the Kern County case, and did not restate the sentence for the Kern County case.  But it is clear that the trial court and the parties were agreeing to modify the plea agreement to comply with the law, without changing the length of the negotiated sentence.  Neither party objected nor sought clarification at the conclusion of the hearing, and an abstract of judgment was ultimately prepared consistent with everyone's expectations.  Under these facts, we find no reversible error.

### II

*Custody Credits*

Defendant initially, correctly, argued that the trial court had failed to calculate and include his credit for time served on the abstract of judgment filed on March 7, 2024.  Subsequently, the court issued a new abstract of judgment, and in their respondent's brief, the People contend this corrected the error.  But we conclude the trial court has not correctly calculated the credit defendant has earned, so we will remand for the court to prepare another amended abstract of judgment.

Pursuant to section 2900.1, "[w]here a defendant has served any portion of his sentence under a commitment based upon a judgment which judgment is subsequently declared invalid or which is modified during the term of imprisonment, such time shall be

4

credited upon any subsequent sentence he may receive upon a new commitment for the same criminal act or acts." (*People v. Buckhalter* (2001) 26 Cal.4th 20, 32.) As such, the sentencing court must credit the defendant "with all *actual* days he had spent in custody, whether in jail or prison, up to that time." (*Id.* at p. 37; §§ 2900.1, 2900.5; see generally Couzens et al., Sentencing Cal. Crimes (The Rutter Group 2023) §§ 15:15, 15:20, 15:24, 26:6.) The updated total of credits must then be added to the abstract of judgment. (*People v. Phoenix* (2014) 231 Cal.App.4th 1119, 1125, 1130; § 2900.5.)

This applies when a defendant has served a portion of his sentence in one case before being sentenced to a single aggregate term for multiple cases pursuant to rule 4.452. (*People v. Saibu* (2011) 191 Cal.App.4th 1005, 1012-1013.) Once a defendant has begun serving a sentence, however, he may no longer earn presentence credits under section 4019, even if he is removed to county jail, because "[w]hen a state prisoner is temporarily away from prison to permit court appearances, he remains in the constructive custody of prison authorities and continues to earn sentence credit, if any, in that status." (*People v. Buckhalter, supra*, 26 Cal.4th at p. 33; see *People v. Johnson* (2004) 32 Cal.4th 260, 268 [unless conviction is reversed, defendant is not returned to presentence status].) A court should also not award "duplicate credit that might create a windfall for the defendant" when a defendant is already incarcerated for a prior offense because " '[s]ection 2900.5 does not authorize credit where the pending proceeding has no effect whatever upon a defendant's liberty.' " (*In re Marquez* (2003) 30 Cal.4th 14, 21, 23.)

Here, the trial court correctly added to section 13 of the abstract defendant's presentence credit for the Kern County case, 440 days, and the credit for time served from the execution of the Kern County sentence to the date of the resentencing hearing, 917 days. But the court also improperly awarded presentence credit for the Tehama County case and double counted time served between July 12, 2023, presumably when CDCR transferred defendant to the county jail for proceedings in this case, and the

5

February 20, 2024, resentencing hearing. The court must make two corrections to the abstract to resolve these issues:

1. In section 13, remove the sentence "CDC credits in 23CR000733 are 183 days actual."

2. In section 16, remove the 84 total credits, 42 actual credits, and 42 local conduct credits.

For completeness's sake, we also note that the trial court correctly did not calculate conduct credits earned by defendant after the execution of the prison sentence in the Kern County case. (See §§ 2930-2935.) CDCR is responsible for awarding such conduct credits, so those credits need not be added to the updated abstract. (*In re Martinez* (2003) 30 Cal.4th 29, 37; Cal. Const., art. I, § 32, subd. (a)(2).)

### DISPOSITION

The matter is remanded with instructions to the trial court to prepare an amended abstract of judgment making the two above corrections and forward a certified copy to CDCR. The judgment is otherwise affirmed.

        /s/_____
        MESIWALA, J.

We concur:

/s/_____
HULL, Acting P. J.

/s/_____
KRAUSE, J.

6