Filed 5/14/25  P. v. Torres CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ADAM MEL TORRES,<br><br>    Defendant and Appellant. | H051389<br>(Santa Clara County<br> Super. Ct. No. C1774786) |

Adam Mel Torres petitioned for resentencing under Penal Code section 1172.75 because his sentence included enhancements for serving prior felony prison terms—prison priors—that are now invalid.[1]  The trial court denied the petition because punishment for the prison priors was stricken.  Based on our decision in *People v. Espino* (2024) 104 Cal.App.5th 188, review granted Oct. 23, 2024, S2886987 (*Espino*), Torres argues that the trial court erred.  As the Attorney General has not offered any argument in opposition not already considered and rejected in *Espino*, we agree and remand with directions to resentence Torres.  As the trial court will consider presentence credits in resentencing Torres, we decline to consider how the credits should have been calculated.

_____

[1]  Subsequent undesignated statutory references are to the Penal Code.

## I. BACKGROUND

Because the facts underlying Torres' offenses are not relevant to this appeal, we omit them and only recount the relevant proceedings. (See, e.g., *People v. Mendez* (2021) 69 Cal.App.5th 347, 351, fn. 2.)

In October 2017, the prosecutor filed a complaint in Santa Clara County Superior Court charging Adam Mel Torres with using the personal identifying information of another without authorization in violation of section 530.5, subd. (a). The complaint also alleged that Torres had one prior strike and three prison priors.

After entering into a plea agreement, Torres pled no contest to the unauthorized use of personal information charge and admitted the prior strike as well as the prison priors. Pursuant to the agreement, the trial court sentenced Torres consecutively to a sentence he was already serving in another case from San Mateo County, and because the sentence in the San Mateo case was longer, the court treated the sentence for the unauthorized use offense as the subordinate term and imposed one year and four months in prison—one-third of the middle term of two years, doubled for his strike—for that offense. The court also imposed the three prison priors but struck the punishment for them. Finally, the court awarded Torres 485 presentence credits (422 actual and 63 conduct) for the Santa Clara County case and 225 presentence credits (188 actual and 37 conduct) for the San Mateo County case.

In June 2022, the California Department of Corrections and Rehabilitation (CDCR) released a list of inmates upon whom prison priors were imposed in cases in Santa Clara County.[2] Torres is on the list, and he petitioned for resentencing under section 1172.75. On August 30, 2023, the trial court denied the petition, reasoning that

---

[2] Torres has requested that we take judicial notice of CDCR's list received from the Santa Clara Public Defenders Office. As this list reflects an official act by an executive department, we grant Torres' request. (Evid. Code, §§ 452, subd. (c), 459.) In addition, as the Attorney General does not dispute that CDCR sent this list to the Santa Clara County Superior Court, we presume that the CDCR did so.

section 1172.75 applies only to prison priors that were "imposed and executed" and not to prison priors that were imposed but punishment was struck.

Torres filed a timely notice of appeal.

## II. DISCUSSION

### A. Resentencing Under Section 1172.75

Relying on *Espino*, *supra*, 104 Cal.App.5th 188, review granted, Torres argues that the trial court erred in denying his petition for resentencing because section 1172.75 requires resentencing whenever a now-invalid prison prior was imposed, whether punishment for the prison prior was executed, stayed, or struck. The Attorney General disagrees, arguing that a prison prior is "imposed" under section 1172.75 only if it was both imposed and punishment for it was executed. We review this question of statutory interpretation de novo. (*People v. Renteria* (2023) 96 Cal.App.5th 1276, 1281-1282 (*Renteria*).) As explained below, we see no reason to depart from *Espino* and related cases.

When first enacted, section 667.5, subdivision (b) required a one-year enhancement for each prior prison term served (and was later amended to include jail terms served under section 1170, subdivision (h)), unless the defendant remained free of custody for at least five years. (Stats. 1976, ch. 1139, § 268; see *Renteria*, *supra*, 96 Cal.App.5th at p. 1282; *People v Jennings* (2019) 42 Cal.App.5th 664, 681.) In 2019, the Legislature amended section 667.5, subdivision (b) to bar enhancements for prior prison terms unless a term was for a sexually violent offense. (Stats. 2019, ch. 590, § 1.) Two years later, Senate Bill No.483 (2021-2022 Sess.) made this change retroactive by enacting what is now section 1172.75. (Stats. 2021, ch. 728, § 3; see also Stats. 2022, ch. 58, § 12 [moving provision to § 1172.75].)

Under section 1172.75, "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . [,] is

3

legally invalid." (§ 1172.75, subd. (a).) Section 1172.75 also requires the CDCR and county correctional administrators to identify any individual in their custody "currently serving a term for a judgment that includes an enhancement described in subdivision (a)" (§ 1172.75, subd. (b)), and if the sentencing court verifies that "the current judgment includes a sentencing enhancement described in subdivision (a)," it is required to recall the sentence and resentence the defendant. (§ 1172.75, subd. (c).)

*People v. Espino*, *supr*a, 104 Cal.App.5th 188, review granted, concluded (albeit over a dissent) that section 1172.75 should be interpreted in accordance with the ordinary meaning of the word "impose" to apply whenever prison priors were imposed. *Espino* reasoned that, "[i]n the context of an obligation or penalty, the ordinary and usual meaning of the word 'impose' is 'to make, frame, or apply (as a charge, tax, obligation, rule, penalty) as compulsory, obligatory or enforc[ea]ble.' [Citations.]" (*Espino*, *supra*, 104 Cal.App.5th at p. 196.) Consequently, "under section 1172.75, subdivision (a), '[a]ny sentence enhancement that was imposed' is naturally understood to mean any enhancement that the sentencing court included in a judgment whether punishment for it was executed, stayed, or struck," and therefore individuals serving sentences with such enhancements are entitled to resentencing under section 1172.75. (*Ibid.*) In holding that section 1172.75 permits resentencing where a prison prior is imposed but stayed, numerous decisions have interpreted section 1172.75 similarly. (*People v. Mayberry* (2024) 102 Cal.App.5th 665, 673-676, review granted Aug. 14, 2024, S285853; *People v. Saldana* (2023) 97 Cal.App.5th 1270, 1272-1273, review granted Mar. 12, 2024, S283547; *People v. Christianson* (2023) 97 Cal.App.5th 300, 314, review granted Feb. 21, 2024, S283189; *Renteria*, *supra*, 96 Cal.App.5th at pp. 1282-1283, review granted. But see *People v. Rhodius* (2023) 97 Cal.App.5th 38, 40-41, 45, 48-49, review granted Feb. 21, 2024, S283169.)

The Attorney General continues to take the position that section 1172.75 should be interpreted to require that punishment for prison priors be both imposed and executed.

4

However, he fails to offer any new arguments in support of this implicit execution requirement, and we see no reason to reconsider *Espino* and related decisions based on arguments that have been repeatedly considered and rejected.

## B. Recalculation of Presentence Credits

Relying on *People v. Saibu* (2011) 191 Cal.App.4th 1005 and *People v. Phoenix* (2014) 231 Cal.App.4th 1119, Torres argues that his presentence credits were miscalculated in his 2019 sentencing and asks us to order the trial court to recalculate them. In response, the Attorney General does not dispute that Torres presentence credits were miscalculated but argues that Torres' challenge is untimely and the credits may no longer be attacked. That is incorrect: Errors in calculating presentence credits are "subject to correction whenever brought to the attention of a court that has jurisdiction." (*People v. Boyd* (2024) 103 Cal.App.5th 56, 66; see also *People v. Acosta* (1996) 48 Cal.App.4th 411, 428, fn. 8.) The Attorney General also points out that, if this case is remanded for full resentencing, the trial court will be required to recalculate the credits afforded to Torres. We agree with this point and therefore decline to consider what credits Torres should have been awarded.

## III. DISPOSITION

The order denying Torres' request for resentencing is reversed. The matter is remanded to the trial court, which is directed to recall Torres' sentence and resentence him consistent with Penal Code section 1172.75 and current law.

5

_____
BROMBERG, J.

I CONCUR:


_____
DANNER, ACTING P. J.

*People v. Torres*
H051389

Lie, J., Dissenting:

For the reasons I stated in *People v. Espino* (2024) 104 Cal.App.5th 188, 202–206 (dis. opn. of Lie, J.), I respectfully dissent.

_____
LIE, J.

*People v. Torres*
H051389