Filed 6/26/25  P. v. Montoya CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>CARLITO MONTOYA,<br><br>Defendant and Appellant. | C101366<br><br>(Super. Ct. No. 13F00205) |

This case returns to our court for the third time after we directed the trial court to resentence defendant Carlito Montoya in a prior appeal.  (*People v. Montoya* (Aug. 31, 2022, C094240) [nonpub. opn.].)  In this appeal, defendant contends the trial court imposed an unauthorized fine, failed to recalculate the time he has served in custody, and failed to correct an error in the abstract of judgment.  The People contend the challenged fine was authorized but otherwise concede the errors and identify additional errors in the abstract of judgment.  We agree with the People that the trial court properly imposed the

1

parole revocation restitution fine. We order the court to recalculate defendant's time in custody and prepare an amended abstract of judgment.

FACTUAL AND PROCEDURAL BACKGROUND

In 2016, a jury found defendant guilty of two counts of first degree murder; one count of willful, deliberate, and premeditated attempted murder; and one count of assault with a firearm. For the murders, the jury found defendant personally and intentionally discharged a firearm causing the victims' deaths. For the attempted murder, the jury found defendant personally and intentionally discharged a firearm causing great bodily injury to the victim. The jury also found defendant personally used a firearm to commit the assault. For each count, the jury found defendant committed the offense for the benefit of, at the direction of, or in association with a criminal street gang. The jury also found true the special circumstance allegation that defendant committed multiple murders.

The trial court sentenced defendant to a term of life in prison without the possibility of parole for each of the murders. It also sentenced him to 82 years to life plus 19 years for the other counts and the firearm enhancements. The court imposed a restitution fine of $10,000, plus a matching parole revocation restitution fine, and credited defendant for the time he had served in custody.

On appeal, this court struck the jury's gang enhancement findings and remanded for the trial court to resentence defendant and exercise its new discretion to strike or dismiss the firearm enhancements. (*People v. Montoya* (June 4, 2019, C082283) [nonpub. opn.].) On remand, the trial court declined to dismiss the firearm enhancements. (*People v. Montoya* (Aug. 31, 2022, C094240) [nonpub. opn.].) On the subsequent appeal, this court vacated defendant's sentence and remanded for resentencing consistent with recently amended sentencing laws. (*Ibid.*)

Following this most recent remand, the trial court again sentenced defendant to a term of life in prison without the possibility of parole for each of the murders, plus 25

2

years to life in prison for each firearm enhancement. For the attempted murder, the court sentenced defendant to life in prison with the possibility of parole, plus 25 years to life in prison for the firearm enhancement. For the assault, the court sentenced defendant to the lower term of two years in prison, plus the lower term of three years in prison for the firearm enhancement.

The trial court imposed a $10,000 restitution fine pursuant to Penal Code[1] section 1202.4 but then stayed the fine because defendant was indigent and facing a long period of incarceration. The court also imposed a $10,000 parole revocation restitution fine pursuant to section 1202.45, which the court ordered suspended unless defendant's parole is revoked. The court did not recalculate the time defendant had served in custody, instead ordering the Department of Corrections and Rehabilitation to determine what credit he had earned.

The trial court prepared an amended abstract of judgment, listing the indeterminate terms imposed on one form and the determinate terms imposed on a separate form. The determinate form listed the number of days defendant had spent in custody from the original abstract of judgment prepared in 2016.

Defendant appeals.

DISCUSSION

Defendant contends the trial court was not authorized to impose a parole revocation restitution fine under section 1202.45, failed to recalculate the time he has served in custody, and failed to correct an error on the abstract of judgment. The People contend the parole revocation restitution fine was authorized but otherwise concede the errors. The People also identify other purported errors in the abstract of judgment. We agree with the People that the court properly imposed the parole revocation restitution

---

[1]     Undesignated statutory references are to the Penal Code.

3

fine.  We order the trial court to recalculate defendant's time in custody and prepare an amended abstract of judgment as explained below.

I

*Parole Revocation Restitution Fine*

Defendant contends section 1202.45 did not authorize the trial court to impose a parole revocation restitution fine because his sentence includes two terms of life without the possibility of parole.  We disagree.

Section 1202.45, subdivision (a) provides:  "In every case where a person is convicted of a crime and his or her [or their] sentence includes a period of parole, the court shall, at the time of imposing the restitution fine pursuant to subdivision (b) of [s]ection 1202.4, assess an additional parole revocation restitution fine in the same amount as that imposed pursuant to subdivision (b) of [s]ection 1202.4."  A determinate prison term imposed pursuant to section 1170 includes a period of parole.  (§ 3000, subd. (a)(1).)  Thus, a determinate sentence also includes, by law, a suspended parole revocation restitution fine.  (*People v. Brasure* (2008) 42 Cal.4th 1037, 1075.)

Defendant concedes that the trial court imposed a determinate prison term for assault, which "conceivably could result in release on parole," but urges us to follow *People v. Oganesyan* (1999) 70 Cal.App.4th 1178, 1185, which held that, when a "sentence does not presently allow for parole and there is no evidence it ever will, no additional restitution fine must be imposed."  We cannot follow *Oganesyan* because our Supreme Court has distinguished that case, in which the trial court did not impose a determinate term of imprisonment, from the circumstances present in this case. (*People v. Brasure*, *supra*, 42 Cal.4th at p. 1075; accord *People v. Baker* (2021) 10 Cal.5th 1044, 1108-1109.)  As our Supreme Court noted, defendant "is in no way prejudiced by assessment of the fine, which will become payable only if he actually does begin serving a period of parole and his parole is revoked."  (*Brasure*, at p. 1075.)

4

Accordingly, the trial court properly imposed a suspended parole revocation restitution fine pursuant to section 1202.45.

## II

### *Recalculating Time In Custody And Correcting The Abstract Of Judgment*

We agree with the parties that the trial court should have calculated and included in the amended abstract of judgment the actual time defendant spent in custody between the initial sentencing and the resentencing.

Pursuant to section 2900.1, "[w]here a defendant has served any portion of his[, her, or their] sentence under a commitment based upon a judgment which judgment is subsequently declared invalid or which is modified during the term of imprisonment, such time shall be credited upon any subsequent sentence he[, she, or they] may receive upon a new commitment for the same criminal act or acts." This means a court resentencing a defendant must credit the defendant "with all *actual* days [the defendant] had spent in custody, whether in jail or prison, up to that time." (*People v. Buckhalter* (2001) 26 Cal.4th 20, 37; see §§ 2900.1, 2900.5; see generally Couzens et al., Sentencing California Crimes (The Rutter Group 2024) §§ 15:15, 15:20, 15:24, 26:6.) The updated total of credits must then be added to the abstract of judgment. (*People v. Phoenix* (2014) 231 Cal.App.4th 1119, 1125, 1129-1130; § 2900.5, subd. (d).)[2]

Here, the trial court directed the Department of Corrections and Rehabilitation to determine defendant's custody credits, rather than recalculating the number of days defendant had spent in custody. The most recent amended abstract of judgment thus specifies the same credits for time spent in custody awarded at the initial sentencing. On remand, the trial court must calculate the number of days defendant spent in custody from

---

[2] Conduct credits earned by defendant during his prison sentence (see §§ 2930-2935) are the responsibility of the Department of Corrections and Rehabilitation and need not be added to the updated abstract. (See *In re Martinez* (2003) 30 Cal.4th 29, 37.)

the initial sentencing through the date of the resentencing and prepare an amended abstract of judgment. The court must also update the form to indicate that the new sentence was pronounced at the June 12, 2024 resentencing hearing, not on the date of the original sentencing hearing.

Finally, when the trial court prepares an amended abstract of judgment, it should correct other errors identified by the parties. The "year crime committed" field on both the determinate and indeterminate pages of the abstract of judgment should be corrected to 2012 to match the charging document. The box next to "amended abstract" at the top of the determinate page of the abstract of judgment should be checked. The "crime" field for attempted murder should not say "2nd degree" because "[a]ttempted murder is not divided into different degrees." (*People v. Favor* (2012) 54 Cal.4th 868, 876.)[3]

---

**3**    We reject the People's contention that the proper sentence for attempted murder is "seven years to life." This phrase "is common shorthand to refer to a life sentence with minimum parole eligibility. However, the shorthand pronouncement is incorrect because it indicates a minimum term exists, rather than a minimum parole eligibility." (*People v. Wong* (2018) 27 Cal.App.5th 972, 977, fn. 4.) "[S]ection 664, subdivision (a), provides a person found guilty of an attempt to commit a willful, deliberate, and premeditated murder 'shall be punished by imprisonment in the state prison for life with the possibility of parole'; there is no minimum term specified under the statute." (*Ibid.*)

DISPOSITION

The judgment is affirmed.  The trial court is directed to prepare an amended abstract of judgment consistent with this opinion and forward a certified copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.

/s/
ROBIE, J.

We concur:

/s/
HULL, Acting P. J.

/s/
DUARTE, J.

7