Filed 11/3/25  P. v. Flores CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JOAQUIN FLORES,<br><br>Defendant and Appellant. | F088451<br><br>(Super. Ct. No. 18CR-03528D)<br><br>**OPINION** |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Merced County.  Stephanie L. Jamieson, Judge.

Theresa Osterman Stevenson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Amanda D. Cary, Ian P. Whitney, and William K. Kim, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Levy, Acting P. J., Meehan, J. and De Santos, J.

## INTRODUCTION

In 2019, a jury found appellant Joaquin Flores guilty of two felonies: (1) premeditated attempted murder (Pen. Code, §§ 664, 187, subd. (a);[1] count 1) and (2) assault with a deadly weapon (§ 245, subd. (a)(1); count 2). The jury found true gang enhancement allegations. Appellant was sentenced to an indeterminate term of 15 years to life for the attempted murder, and the sentence for the assault was stayed.[2]

In 2023, the Second District Court of Appeal, Division Eight, issued an unpublished opinion in which it vacated appellant's gang enhancements. The judgment was otherwise affirmed. (*People v. Flores* (Feb. 1, 2023, B322682) [nonpub. opn.].)

Following remand, the prosecution declined to retry the gang enhancement allegations. Appellant was resentenced in 2024. He received an indeterminate term of seven years to life for attempted murder, and the sentence for the assault was again stayed.

When appellant was resentenced in 2024, the trial court did not update his actual custody credit. We agree with the parties that this was error. We remand this matter for the trial court to calculate and update appellant's actual custody credit.

## BACKGROUND

On June 1, 2018, appellant worked with other Sureño gang members to attack a fellow Sureño gang member, Luis Prado, who was not in good standing with the gang. The attempted murder occurred inside the Merced County jail. Appellant provided

---

[1] All future statutory references are to the Penal Code unless otherwise noted.

[2] Appellant was also sentenced in other criminal cases which are irrelevant to this appeal. In September 2023, appellant filed a petition for resentencing pursuant to former section 1170.95. The superior court denied the petition without appointing counsel to represent appellant. In March 2025, this court issued an unpublished opinion in which we held that the record of conviction at the prima facie stage did not conclusively establish that appellant was ineligible for resentencing relief. We reversed and remanded the matter for further proceedings. (*People v. Flores* (Mar. 19, 2025, F087300) [nonpub. opn.].)

guidance and assistance to a fellow gang member, Eric Cruz Madero, who repeatedly stabbed Prado, who survived the attack.

Appellant, Madero, and many of the other inmates allegedly involved in the coordinated attack were indicted. Appellant and Madero were tried together. A jury convicted them both of attempted murder, separately finding that each defendant had committed the attempted murder "willfully, deliberately, and with premeditation." (*People v. Flores, supra*, B322682.)

## **DISCUSSION**

### **I.     The Trial Court Must Update Appellant's Actual Custody Credit.**

Whenever a trial court resentences a defendant, the court must recalculate all actual time the defendant has already served in prison. (*People v. Buckhalter* (2001) 26 Cal.4th 20, 29; see also § 2900.1.) "The court must also calculate conduct credits for the period before the original sentencing hearing." (*People v. Sek* (2022) 74 Cal.App.5th 657, 673.) Prison officials calculate and apply conduct credit for the time spent in prison custody after sentencing. (*Ibid.*)

At resentencing, a defendant's updated total credits must be added to the abstract of judgment. (§ 2900.5, subds. (a) & (d); see also *People v. Phoenix* (2014) 231 Cal.App.4th 1119, 1125.) The trial court must also include on the abstract of judgment any presentence credit earned prior to the execution of the prison sentence. (*People v. Buckhalter, supra*, at p. 33; § 2900.5.) A trial court commits error when it does not update a defendant's credit for actual time served between the original sentencing hearing and the resentencing hearing. (See *People v. Sek, supra*, 74 Cal.App.5th at p. 673.)

In this matter, the trial court did not update appellant's custody credits when he was resentenced in 2024. Appellant's current determinate abstract of judgment lists the

same actual custody credit (420 days) that appeared on the prior determinate abstract before this matter was remanded for resentencing.

In January 2025, appellant's counsel sent a letter to the sentencing court alerting it about this error. (See § 1237.1 [requiring correction of credit miscalculations first in the trial court].) Appellant's letter asked the court to update his actual custody credit up to the date of his resentencing. The letter also noted a clerical mistake in the determinate abstract of judgment, which failed to reflect 63 days of conduct credit that the sentencing court had previously ordered.

In April 2025, the superior court amended the determinate abstract of judgment to reflect 63 days of conduct credit. However, the abstract continued to reflect only 420 days of actual custody credit.

Appellant contends he is entitled to 2,209 days of actual custody credit. He calculates this total from his arrest date of June 1, 2018, up to and including his date of resentencing on June 17, 2024. Respondent neither agrees nor disagrees with appellant's total but asks that we direct the superior court to recalculate appellant's actual custody credit.

The trial court is in the best position to determine the actual number of days appellant was in custody prior to resentencing. (See *People v. Buckhalter, supra*, 26 Cal.4th at p. 29 [at resentencing, "the sentencing court must recalculate and credit against the modified sentence *all actual time* the defendant has already served"].) Accordingly, we will remand this matter for the court to calculate appellant's actual credit for time served up to and including his resentencing on June 17, 2024, and to issue amended abstracts of judgment that reflect that total.

## DISPOSITION

This matter is remanded for the limited purpose of updating custody credits. The trial court shall verify appellant's actual custody credit consistent with this opinion,

update appellant's actual custody credit, and issue amended abstracts of judgment to the appropriate authorities. In all other aspects, appellant's judgment is affirmed.