Filed 1/12/26  P. v. Huerta CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>RICKEY HUERTA,<br><br>    Defendant and Appellant. | C101823<br><br>(Super. Ct. No. 04F02713) |

The trial court resentenced defendant Rickey Huerta pursuant to Penal Code section 1172.75.[1]  Huerta appeals, contending:  (1) the court abused its discretion in declining to dismiss a five-year prior serious felony enhancement; (2) the court failed to award credit for the time he served in custody; (3) the court imposed repealed fees; and (4) the resentencing minute order should be clarified to reflect the proper order in which

---

[1]  Undesignated statutory references are to the Penal Code.

1

Huerta must serve the terms comprising his sentence. The People contend the court did not abuse its discretion in declining to dismiss the enhancement, or that any error was harmless, but concede the remaining issues.

We conclude that, even assuming the court abused its discretion, any error was harmless. We agree with the parties that the trial court must correct the other three errors and remand for that purpose.

BACKGROUND

In 2005, a jury found Huerta guilty of seven offenses: attempted murder of a peace officer (§ 664/187, subd. (a)—count one); two counts of assault with a firearm on a peace officer (§ 245, subd. (d)(1)—counts two & three); two counts of possession of a firearm having been convicted of a felony (§ 12021, subd. (a)(1)—counts four & seven); infliction of corporal injury upon a spouse (§ 273.5, subd. (a)—count five); and discharging a firearm at an occupied building (§ 246—count six). The jury also found true allegations that Huerta inflicted great bodily injury and intentionally and personally discharged a firearm causing great bodily injury in committing attempted murder and one of the assaults and that he personally used a firearm in committing the other assault. Huerta admitted allegations that he had previously been convicted of a serious felony and had served a prior prison term.

The trial court sentenced Huerta to an aggregate term of 75 years to life in prison, comprised of consecutive terms of 30 years to life for attempted murder of a peace officer, 25 years to life for the attached firearm enhancement, four years for one assault count, six years eight months for the attached firearm enhancement, three years four months for discharging a firearm at an occupied building, five years for the prior serious felony enhancement, and one year for the prior prison term enhancement. The court also imposed and stayed a 12-year term for the other assault count and a term of 25 years to life for the attached firearm enhancement. It imposed concurrent sentences of 365 days

2

for infliction of corporal injury upon a spouse and two years for each count of possession of a firearm having been convicted of a felony.

The court imposed a $10,000 restitution fine and a matching parole revocation restitution fine, a court security fee, and a $100 fine for infliction of corporal injury upon a spouse. Pursuant to former Government Code section 29550.2, the court imposed a main jail booking fee of $178.96 and a main jail classification fee of $29.95. (Former Gov. Code, § 29550.2, as amended by Stats. 1997, ch. 47, § 2, repealed by Stats. 2020, ch. 92, § 25.)

On direct appeal, this court reversed Huerta's conviction for infliction of corporal injury upon a spouse and remanded for resentencing on the lesser included offense of battery. (*People v. Huerta* (Jan. 10, 2007, C050994) [nonpub. opn.].) In all other respects, we affirmed the judgment. (*Ibid.*) On remand, the court imposed a concurrent term of 365 days for battery.

In 2023, the trial court identified Huerta as eligible for resentencing under section 1172.75. Huerta asked the court to resentence him without imposing the now-repealed one-year prior prison term enhancement. He further requested that the court dismiss his prior serious felony conviction, the five-year prior serious felony enhancement, and both firearm enhancements. With respect to the section 12022.53, subdivision (d) firearm enhancement, Huerta argued it should be dismissed because its application resulted in a sentence exceeding 20 years and, alternatively, asked the court to exercise its discretion to strike the enhancement and impose a lesser firearm enhancement instead. Huerta asked the court to dismiss the five-year prior serious felony enhancement because the prior conviction was more than five years old.

The People argued that the trial court should not dismiss the prior serious felony conviction because Huerta fell squarely within the spirit of the "Three Strikes" law and should not dismiss or strike any of the remaining enhancements because doing so would endanger public safety and be contrary to the interests of justice.

3

At the resentencing hearing, the trial court first noted that it had considered the parties' briefs and exhibits and had reviewed the court file. The court then explained that "the primary focus of the [c]ourt is the safety of the public," which meant it would "look at [the] case and determine whether there's a safety risk. [¶] Will the public be hurt?" The court noted Huerta's age and detailed his "extensive criminal record," including the dates of each conviction. The court concluded, "[t]he facts are serious and egregious and clearly reflect a continuation of violence and no regard for the safety of others, for the lives of others."

The trial court then considered Huerta's conduct while he was in prison, which included threatening to slice a correctional officer's throat, participating in a riot, fighting, using methamphetamine, and attacking his cellmate with a weapon. The court observed, "[t]his history of violence is dating back decades. [¶] It simply cannot be ignored."

The trial court also considered Huerta's rehabilitative efforts, explaining, "I do take into consideration what he has done, rehabilitation, because the focus has to be, at this time, whether if he is released, is he a danger to the public." The court noted Huerta had ceased his gang activity and affiliation and had participated in a number of education and rehabilitation programs. But, because Huerta was still fighting in prison as recently as 2018, the court concluded: "[T]his doesn't look like he has changed."

In light of Huerta's history, the trial court declined to strike the prior serious felony conviction, finding he did not fall outside the spirit of the Three Strikes law. The court next considered whether section 1170, subdivision (b)(6) should apply to require a lower term sentence for the principal determinate term and found that Huerta may have experienced some childhood trauma. The court did not make explicit findings on whether the trauma was a contributing factor in the commission of the offense or whether imposition of the lower term would be contrary to the interests of justice.

4

Finally, the trial court considered whether to dismiss any enhancements pursuant to section 1385, subdivision (c). The court discussed the mitigating factors listed in the statute: "I also considered [the factors in] [s]ection 1385[, subdivision] (c)(2) that lay heavily in support of dismissing any enhancement. The considerations approved in (A), whether the application of the enhancement would result in a discriminatory racial impact pursuant to the Racial Justice Act, I don't see that in here. Multiple enhancements alleged in a single case, I don't see that. Resulting in a sentence of over 20 years, that's not applicable. [¶] The offense is connected to a mental illness, that's not clearly established. It's connected to the victimization or childhood trauma, there is some suggestion about that, but that's not been established. The current offense is not a violent felony, that is not the case here. Clearly it is a violent felony. He was a juvenile when he committed the offense, that's not the case here. The enhancement is based on something over five years old, not the case here. The firearm used was not inoperable, again that's not the case here." The court did not make explicit findings on whether dismissal of the enhancements would endanger public safety or whether dismissal was in the furtherance of justice.

After reviewing these factors, the trial court again noted that, despite Huerta's efforts at rehabilitation, he had continued to commit violent acts throughout his time in prison. The court then concluded, "[b]ased on all the factors in the law and everything the [c]ourt has reviewed and everything in the record, the [c]ourt will not be exercising its discretion to stay enhancements." The court then imposed an aggregate sentence of 74 years to life in prison, the same as the prior sentence, except without the now-invalid one-year prior prison term enhancement.

The court awarded pretrial credit for time served based on the prior abstract of judgment. It imposed a $300 restitution fine, a stayed $300 parole revocation restitution fine, and a $20 court security fee. Following the previous sentence, the court also imposed a main jail booking fee of $578.96 (misstating the amount previously imposed)

5

and a main jail classification fee of $29.95.  Huerta filed a timely notice of appeal from the resentencing in August 2024.  His opening brief was filed in June 2025, and this case was fully briefed on September 8, 2025.

## DISCUSSION

Huerta raises four arguments on appeal.  First, he contends the trial court abused its discretion by declining to dismiss the five-year prior serious felony enhancement without considering and giving great weight to the fact that the prior conviction was more than five years old.  Second, he contends the trial court failed to award credit for the days he served in custody between the initial sentencing and the resentencing.  Third, he contends the court imposed fees that have since been repealed and should be stricken. Finally, he contends the minute order for the resentencing hearing incorrectly states that the indeterminate terms in his sentence must be served prior to the determinate terms. The People argue that the trial court did not abuse its discretion in declining to dismiss the five-year enhancement or that any error was harmless.  The People concede the remaining issues.

A.      *Dismissal of the Five-Year Enhancement*

Huerta contends the trial court abused its discretion by declining to dismiss the five-year prior serious felony enhancement imposed under section 667, subdivision (a), arguing that the court erred in stating that the enhancement was not based on a prior conviction more than five years old.  This, he contends, means that the court "did not engage in a meaningful analysis of the [statutory] factors."  The People respond that the court did not abuse its discretion, or any error was harmless, because the court properly found that dismissing the enhancement would endanger public safety.  We agree that, even assuming the court's discussion indicated a misapplication of the law to the facts of this case, any error was harmless.

6

Section 1385 states in relevant part: "[T]he court shall dismiss an enhancement if it is in the furtherance of justice to do so." (§ 1385, subd. (c)(1).) "In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances" listed in the statute "are present." (§ 1385, subd. (c)(2).) Presence of any of "these [mitigating] circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety." (*Ibid.*)

We review a trial court's refusal to strike a sentence enhancement under section 1385 for abuse of discretion. (*People v. Mendoza* (2023) 88 Cal.App.5th 287, 298.) "The abuse of discretion standard is not a unified standard; the deference it calls for varies according to the aspect of a trial court's ruling under review. The trial court's findings of fact are reviewed for substantial evidence, its conclusions of law are reviewed de novo, and its application of the law to the facts is reversible only if arbitrary and capricious." (*Haraguchi v. Superior Court* (2008) 43 Cal.4th 706, 711-712, fns. omitted.) Here, Huerta contends the trial court should have applied a specific factor based on the facts of the case. Accordingly, we must determine whether the court's application of the law to the facts was arbitrary and capricious.

It is not clear what the trial court intended by its discussion of the mitigating factors in section 1385, subdivision (c)(2). The court demonstrated its understanding of the background of this case at the hearing, identifying the date of Huerta's prior serious felony conviction and each of the enhancements at issue. The court also indicated that it was aware of the factors in section 1385, subdivision (c)(2) and understood that they were to be given great weight. Two of these factors appear to apply to the facts in this case: multiple enhancements were alleged (§ 1385, subd. (c)(2)(B)) and the five-year enhancement was based on a prior conviction over five years old (§ 1385, subd. (c)(2)(H)). Yet, the court stated that none of the factors applied. It is possible the court was cataloguing the factors it considered and noting that none of them affected its

7

reasoning because it had already determined that dismissing any enhancement would endanger public safety and would not be in the furtherance of justice. That would be a permissible application of section 1385, subdivision (c)(2). (See *People v. Walker* (2024) 16 Cal.5th 1024, 1038 [sentencing court need not give great weight to mitigating factors if dismissal would endanger public safety and may find that countervailing factors neutralize even the great weight of mitigating factors]; *People v. Knowles* (2024) 105 Cal.App.5th 757, 765 [" 'Unless the record affirmatively demonstrates otherwise, the trial court is deemed to have considered all the relevant sentencing factors set forth in the rules' "].)

Nevertheless, because the trial court's discussion can also reasonably be interpreted to indicate the court arbitrarily failed to consider the age of the prior serious felony conviction, we will assume the court abused its discretion. This means we must consider whether the assumed error prejudiced Huerta.

A trial court's abuse of discretion " 'must not be disturbed on appeal *except* [when it] resulted in a manifest miscarriage of justice.' " (*People v. Rodrigues* (1994) 8 Cal.4th 1060, 1124-1125; Cal. Const., art. VI, § 13.) "[A] 'miscarriage of justice' should be declared only when the court, 'after an examination of the entire cause, including the evidence,' is of the 'opinion' that it is reasonably probable that a result more favorable to the appealing party would have been reached in the absence of the error." (*People v. Watson* (1956) 46 Cal.2d 818, 836.) In the sentencing context, "[w]hen a trial court has given both proper and improper reasons for a sentence choice, a reviewing court will set aside the sentence only if it is reasonably probable that the trial court would have chosen a lesser sentence had it known that some of its reasons were improper." (*People v. Price* (1991) 1 Cal.4th 324, 492.) A reasonable probability of a more favorable result exists where the improper factor was determinative for the sentencing court or where the

reviewing court cannot determine whether the improper factor was determinative. (*People v. Avalos* (1984) 37 Cal.3d 216, 233.)[2]

Here, we see no reasonable probability of a more favorable sentence because the trial court found that dismissing the enhancement would endanger public safety. The court explained throughout its discussion that public safety was its primary concern and that Huerta's consistent history of violence—including juvenile offenses, the prior serious felony conviction, the offenses in this case, and his behavior in prison—made him a danger to the public. The court did not directly quote and cite the statutory standard or explicitly state that Huerta met the standard, but its statements lead us to conclude that it so found. (See *People v. Davis* (1996) 50 Cal.App.4th 168, 172 ["The very settled rule of appellate review is a trial court's order/judgment is presumed to be correct, error is never presumed, and the appealing party must affirmatively demonstrate error on the face of the record"]; accord *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) Huerta does not contend the court failed to make such a finding and did not file a reply brief contesting the People's position. Likewise, Huerta's trial counsel's lack of objection to the trial court's analysis of mitigating factors suggests counsel understood that the trial court found dismissing the enhancements would endanger public safety and therefore was not required to give great weight to those mitigating factors.

---

[2] This is not a case in which the sentencing court was unaware of the scope of its discretionary powers, so we do not apply the test from *People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391, which directs appellate courts to "remand for resentencing unless the record 'clearly indicate[s]' that the trial court would have reached the same conclusion 'even if it had been aware that it had such discretion.' " Even were we to apply that more stringent test here, we would conclude the assumed error is harmless.

9

We thus conclude the trial court was not required to give great weight to the age of Huerta's prior serious felony conviction. (*People v. Walker*, *supra*, 16 Cal.5th at p. 1038.) Without assigning great weight, it is not reasonably probable that considering the age of the conviction would have disturbed the court's reasoning and resulted in a more favorable sentence, so we need not remand for resentencing.

B.　　*Credit for Time Served in Custody*

We agree with the parties that the trial court should have calculated and included in the amended abstract of judgment the actual time Huerta spent in custody between the initial sentencing and the resentencing.

Pursuant to section 2900.1, "[w]here a defendant has served any portion of his sentence under a commitment based upon a judgment which judgment is subsequently declared invalid or which is modified during the term of imprisonment, such time shall be credited upon any subsequent sentence he may receive upon a new commitment for the same criminal act or acts." This means a court resentencing a defendant must credit the defendant "with all *actual* days he had spent in custody, whether in jail or prison, up to that time." (*People v. Buckhalter* (2001) 26 Cal.4th 20, 37; see §§ 2900.1, 2900.5; see generally Couzens et al., Sentencing California Crimes (The Rutter Group Aug. 2025 update) §§ 15:15, 15:20, 15:24, 26:6.) The updated total of credits must then be added to the abstract of judgment. (*People v. Phoenix* (2014) 231 Cal.App.4th 1119, 1125, 1129-1130; § 2900.5, subd. (d).)[3]

---

[3] Conduct credits earned by Huerta during his prison sentence (see §§ 2930-2935) are the responsibility of the Department of Corrections and Rehabilitation and need not be added to the updated abstract. (*In re Martinez* (2003) 30 Cal.4th 29, 37; Cal. Const., art. I, § 32, subd. (a)(2).)

Here, the most recent amended abstract specifies the same credits for time spent in custody awarded at the initial sentencing. On remand, the trial court will need to recalculate the number of days Huerta spent in custody from the initial sentencing through the date of the resentencing and prepare an updated abstract of judgment form. The court will also need to update the form to reflect that the new sentence was pronounced at the resentencing hearing on August 2, 2024, rather than on the date of the original sentencing.

C.      *Repealed Fees*

We agree with the parties that the trial court was not authorized to impose fees under former Government Code section 29550.2. (Former Gov. Code, § 29550.2.) The Legislature repealed that statute effective July 1, 2021. (Stats. 2020, ch. 92, § 25.) Even if Government Code section 29550.2 were still in effect, the Legislature has declared such fees "unenforceable and uncollectible and any portion of a judgment imposing those costs shall be vacated." (Gov. Code, § 6111, subd. (a).) Accordingly, we vacate the main jail booking fee of $578.96 and the main jail classification fee of $29.95 imposed by the trial court.

D.      *Order of Consecutive Indeterminate and Determinate Terms*

The parties ask us to order the trial court to clarify the minute order to be consistent with section 669, which provides: "Whenever a person is committed to prison on a life sentence which is ordered to run consecutive to any determinate term of imprisonment, the determinate term of imprisonment shall be served first . . . ." (§ 669, subd. (a).) The minute order for the resentencing hearing states: "19 years determinate consecutive to 55 years to life indeterminate." (Capitalization omitted.) We will order the minute order corrected.

11

## DISPOSITION

The judgment is affirmed. The matter is remanded to the trial court with directions to recalculate Huerta's custody credits and to prepare a corrected abstract of judgment and minute order as indicated in this opinion and forward a certified copy of the corrected abstract and minute order to the Department of Corrections and Rehabilitation.

/s/  
BOULWARE EURIE, J.

We concur:

/s/  
DUARTE, Acting P. J.

/s/  
KRAUSE, J.